opinion of the court
Con. G. Cholakis, J.
Acting in reliance upon the summary power of subdivision 12 of section 230 of the Public Health Law, the respondent, Commissioner of Health, suspended the petitioner from the practice of medicine for a period of 60 days. The action was taken upon the recommendation of a committee on professional conduct of the State Board for Professional Medical Conduct which had convened to hear charges brought against the petitioner. The action taken is challenged in this article 78 proceeding.
Subdivision 12 of section 230 of the Public Health Law, in pertinent part, reads: “12. Summary action. Whenever the commissioner, after investigation and recommendation by a committee on professional conduct of the state board for professional medical conduct, is of the opinion that a physician is causing, engaging in or maintaining a condi *689 tion or activity which in the commissioner’s opinion constitutes an imminent danger to the health of the people, and that it therefore appears to be prejudicial to the interests of the people to delay action until an opportunity for a hearing can be provided in accordance with the prehearing and hearing provisions of this section, the commissioner may order the physician, by written notice, to discontinue such dangerous condition or activity or take certain action immediately and for a period of sixty days from the date of service of the order.”
The subdivision continues to provide for the commencement of a hearing within 10 days from the date of the service of the commissioner’s order so as to allow the physician an opportunity to present proof. A hearing was, in fact, timely convened and the statute to this extent, at least, was complied with. In this connection, postargument submissions frame an additional issue with respect to the conduct of this hearing and the possible deprivation of the petitioner’s due process rights, but upon analysis, this issue is not essential to determination of this proceeding and, accordingly, the same will not be treated.
It is initially observed that the court has had little difficulty in reaching the conclusion that the legislation in issue is safely within constitutional bounds. Clearly, procedural due process must be flexible and does not demand in all instances that an evidentiary hearing precede all administrative action involving the deprivation of some form of property interest. In Mathews v Eldridge (424 US 319) the Supreme Court discusses the flexibility of the due process concept and summarizes the factors to be considered in fixing the specific dictates necessary in a given situation (424 US, at pp 334-335). As indicated, it is concluded that the Legislature properly considered these factors in drafting subdivision 12 of section 230, and that this legislation is a proper and necessary exercise of police power, coupled, as it is, with appropriate due process safeguards (see Charow v Whalen, Supreme Ct, Westchester County, June 5, 1978, Rubin, J.).
A serious question remains as to the reasonableness of the interpretation given the statute by the commissioner. The petitioner argues that the statute simply does not *690 empower the commissioner to do more than “discontinue [a] dangerous condition or activity or take certain action”. Suspension from the practice of medicine is not, it is urged, included among the summary, prehearing powers intended to be conferred upon the commissioner by the Legislature. Alternatively, the petitioner argues that even if the statute is to be interpreted so as to allow the commissioner to summarily order suspension from medical practice in a proper case, the facts of the instant matter cannot support such a determination.
The judicial function is, of course, exhausted when a rational basis is found for the statutory interpretation of the administrative body administering the statute in question (Matter of Howard v Wyman, 28 NY2d 434; Matter of Niagara Mohawk Power Corp. v Public Serv. Comm. of State of N. Y., 67 AD2d 802). Mindful of this rule, the court nonetheless must conclude that the interpretation given by the commissioner in this instance is unwarranted. Here, the commissioner has assumed a power which to this court’s mind was clearly not intended by the Legislature. Had the Legislature intended to grant summary prehearing power to suspend a physician from the practice of medicine, as opposed to merely limiting an activity, it must be presumed that appropriate language would have been employed.
Further, and upon a complete reading of the transcript of the testimony given before the recommending committee, the court has concluded that the determination to suspend the petitioner from medical practice, rather than to merely limit certain of his activities, was so unreasonable as to be arbitrary. Accordingly, the commissioner’s determination suspending petitioner’s license to practice medicine is annulled.
Parenthetically, it is observed that should the complete and immediate suspension from medical practice be deemed necessary by the commissioner in an appropriate case, he is not without a remedy. The administrative procedures of title 2-A of the Public Health Law are not exclusive, and the commissioner may otherwise sue for injunctive relief and apply for all of the preliminary remedies afforded by CPLR article 63.