■ In the Matter of GEORGE A. WOOTAN, Respondent, v DAVID AXELROD, as Commissioner of Health, State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered December 14, 1981 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Health which suspended, for 60 days, petitioner's license to practice medicine. Petitioner, an Ulster County physician, is engaged in the general practice of medicine of which his obstetrical practice accounts for 20%. In 1977, he began attending births at the homes of patients upon their request, thus engendering controversy in the Ulster County medical community. On April 23, 1981, the New York State Board for Professional Medical Conduct (the board) charged petitioner with professional misconduct within the meaning of section 6509 of the Education Law. All four of the specifications contained in the statement of charges related to petitioner's obstetrical practices, particularly with regard to home birth services. A fifth specification, added on October 15, 1981, charged petitioner generally with gross incompetence and gross negligence, and detailed additional instances of allegedly unfit pre and postnatal care of petitioner's patients. Following several days of hearings, during which proof only of petitioner's claimed deficiencies was introduced, a committee of the board, on the record compiled to that point, made an initial recommendation to the Commissioner of Health that petitioner be summarily suspended. Adverting to petitioner's failure "to properly diagnose and treat various complications in the pregnancy of patients and in the delivery of newborns"; "to drop into the eyes of newborn infants * * * nitrate of silver or some other effective agent for preventing purulent conjunctivitis"; "to provide proper coverage of his home birth practice by a qualified medical doctor"; and to petitioner's entrusting patients requiring home birth assistance to a person unlicensed to practice medicine, the commissioner ordered petitioner to immediately discontinue practicing medicine for 60 days pursuant to subdivision 12 of section 230 of the Public Health Law. That subdivision provides: "Summary action. Whenever the commissioner, after investigation and recommendation by a committee on professional conduct of the state board for professional medical conduct, is of the opinion that a

physician is causing, engaging in or maintaining a condition or activity which in the commissioner's opinion constitutes an imminent danger to the health of the people, and that it therefore appears to be prejudicial to the interests of the people to delay action until an opportunity for a hearing can be provided in accordance with the prehearing and hearing provisions of this section, the commissioner may order the physician, by written notice, *to discontinue such dangerous condition or activity* or take certain action immediately and for a period of sixty days from the date of service of the order." (Emphasis added.) In annulling the commissioner's determination, Special Term observed that suspending petitioner from engaging in any medical practice, rather than merely limiting certain of his activities, was so unreasonable as to be arbitrary. Preliminarily, we note that although the 60-day period has expired, this appeal should not be dismissed for mootness for it concerns a question of substantial public importance which is likely to recur (*Matter of Amato v Ward*, 41 NY2d 469, 471). It is unmistakably apparent from the very language of the statute that the Legislature intended to authorize the commissioner to order the physician to discontinue the specific "condition or activity" constituting the perceived danger to the public. Here, the alleged misconduct occurred only in that aspect of petitioner's practice which involved the care of pregnant women and their newborn infants. In forbidding petitioner to pursue any form of medical practice whatsoever, the commissioner exceeded his statutory authority. Lacking any legal basis, then, the commissioner's order, which entirely precluded petitioner from practicing medicine, was arbitrary and capricious and was properly annulled (*Matter of Pell v Board of Educ.*, 34 NY2d 222). This determination, of course, is without prejudice to the commissioner's imposition of a proper summary order under section 230 of the Public Health Law or his pursuance of any other temporary remedy authorized by law. Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur. [111 Misc 2d 688.]