■ In the Matter of GEORGE A. WOOTAN, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered April 23, 1982 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul an order of respondent State Commissioner of Health which suspended petitioner's license to practice medicine for a period of 60 days. This court is again called upon to determine whether an order directing petitioner to immediately discontinue practicing medicine for 60 days is authorized by subdivision 12 of section 230 of the Public Health Law, which provides: "Summary action. Whenever the commissioner, after investigation and recommendation by a committee on professional conduct of the state board for professional medical conduct, is of the opinion that a physician is causing, engaging in or maintaining a condition or activity which in the commissioner's opinion constitutes an imminent danger to the health of the people, and that it therefore appears to be prejudicial to the interests of the people to delay action until an opportunity for a hearing can be provided in accordance with the prehearing and hearing provisions of this section, the commissioner may order the physician, by written notice, *to discontinue such dangerous condition or activity* or take certain action immediately and for a period of sixty days from the date of service of the order." (Emphasis added.) This court previously determined that an order by the commissioner which entirely precluded petitioner from practicing medicine was arbitrary and capricious where the alleged misconduct occurred only in that aspect of petitioner's practice which involved the care of pregnant women and their newborn infants (*Matter of Wootan v Axelrod*, 87 AD2d 913). The essential difference between the allegations against petitioner which led to the order previously reviewed by this court and the allegations in support of the order herein is the added charge that petitioner failed to properly treat a hospital patient for the ingestion of dry gas. Respondents contend that this allegation establishes a bridge between those aspects of petitioner's practice which involve the care of pregnant and postpartum women and their newborn infants, and petitioner's general practice. Accordingly, respondents assert that the order suspending petitioner from the practice of medicine in any form was authorized by subdivision 12 of section 230 of the Public Health Law. This court in its prior decision, applying the language of subdivision 12 of section 230, emphasized the statute's mandate that the commissioner's order be limited to the discontinuation of the "dangerous condition or activity" which, in the commissioner's opinion, constitutes an imminent danger to the health of the people. Noting this emphasis, petitioner asserts that although the new allegation might justify the exercise of summary powers with respect to his care of individuals suspected of ingesting toxic substances, the commissioner lacked authority to extend the suspension to other aspects of petitioner's general practice. We are unable to agree. A review of the record reveals that the new allegation has raised serious questions concerning petitioner's over-all competence and compliance with the basic tenets of acceptable medical standards. This being the case, we fail to find the commissioner's order, forbidding petitioner to pursue any form of medical practice, arbitrary or capricious. The judgment appealed from must be reversed. Judgment reversed, on the law and the facts, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.