■ JOHN P., Appellant, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. — Judgment unanimously affirmed, without costs. Memorandum: We affirm the dismissal of a petition brought pursuant to CPLR 7803 (subd 2) seeking to prohibit the State Board for Professional Medical Conduct from proceeding with its hearing concerning possible revocation or suspension of petitioner's license to practice medicine in the State of New York. Such hearings take place before a five-member committee, which hears the evidence, makes findings, conclusions and recommendations, and transmits them along with a transcript and the exhibits to the commissioner, who in turn makes a recommendation and transfers the entire record to the Board of Regents for final decision and order (Public Health Law, § 230, subd 10, pars [a], [g], [h], [i]). Petitioner claims that the administrative hearing officer erred in ruling that the hearing panel could take evidence even while one of its five members was temporarily absent, pointing to section 230 (subd 10, par [f]) of the Public Health Law which provides in part: "A hearing which has been initiated shall not be discontinued because of the death or incapacity to serve of one member of the hearing panel." Prohibition is not mandatory but may issue in the sound discretion of the court (La Rocca v Lane, 37 NY2d 575, 579, cert den 424 US 968) and "will not lie if there is available an adequate remedy at law, of which appeal is but one" (Matter of State of New York v King, 36 NY2d 59, 62; Rossettie v Finnerty, 85 AD2d 928). The "extraordinary remedy * * * of prohibition" will lie "only where there is a clear legal right" (Matter of State of New York v King, supra, p 62) and only where the court or administrative body acts or threatens to act in excess of its jurisdiction (see Matter of State of New York v King, supra, p 62). Here, Special Term properly noted that petitioner has an adequate remedy in the right to commence a CPLR article 78 proceeding to review the final determination at the conclusion of the hearing (CPLR 7803, subd 3). Also, the claim that the administrative hearing officer erred in interpreting section 230 (subd 10, par [f]) as permitting the panel to hear evidence even in the absence of one member presents a legal issue and does not strike at the very authority of the State Board for Professional Medical Conduct to proceed on the charges against the petitioner. Moreover, petitioner has not demonstrated a clear right to relief because his claim that the hearing officer's ruling was improper has no merit. The purport of section 230 (subd 10, par [f]) is that even where a member has died or is incapacitated and can no longer serve, the hearing panel need not discontinue the hearing and start anew with five members but, as a four-member panel, may continue to hear evidence to the conclusion of the proceeding. The section has no bearing on whether the panel may hear a portion of the evidence in the temporary absence of a member. (Appeal from judgment of Supreme Court, Erie County, Marshall, J. — art 78.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.