■ JOHN P., Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, Appellant. — Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: The Commissioner of Health appeals from a judgment in a CPLR article 78 proceeding granting the petition of John P., M.D., to vacate the commissioner's order, served January 27, 1983, suspending petitioner from the practice of ophthalmology for a period of 60 days pending hearing and determination of charges pursuant to subdivision 12 of section 230 of the Public Health Law. This court vacated the State's automatic stay pending determination of this appeal. The appeal arises from the second of three separate proceedings against petitioner by the commissioner. It involves charges that petitioner recommended and/or scheduled unnecessary cataract surgery for six patients. The first proceeding, begun in 1977 and not yet completed, concerns 18 or 19 charges including recommending unnecessary cataract and eye muscle surgery, improperly attempting a cataract removal on a patient who had a brittle retina, and billing for procedures not actually performed. The third proceeding, begun on June 13, 1983, involved five new charges of performing or recommending unnecessary eye surgery and giving patients courses of treatment which were not medically indicated and which resulted in vision loss. The record shows that the commissioner's determination to issue a summary suspension of John P. in the case before us was based on the recommendation of a committee of the Board for Professional Medical Conduct after the complainants appeared before the board and the committee investigated. The charges set forth the names of the patients, the dates of the incidents involved, and the conclusion of the committee that in each case the surgery was unnecessary. In finding that on this record the commissioner's summary suspension order was arbitrary and capricious, Special Term stated: "I see nothing that precipitated this kind of activity in this case, at this time", but expressly declined to rule that the determination lacked a rational basis. On a reading of the transcript of the argument, it appears that the basis of the ruling was the court's acceptance of petitioner's argument that it was arbitrary and capricious for the commissioner to find that petitioner posed an imminent danger to the public and that there was an urgent need for summary suspension where the commissioner had seen no need to proceed expeditiously with respect to the first proceeding against petitioner and indeed had permitted it to languish from 1977 to the present. There is no support for this position. From December 7, 1977 until October 29, 1981 — nearly four years — the proceedings were delayed due to discovery motions by petitioner which came before our court twice (see *Matter of Whalen v John P.,* 72 AD2d 961; *Matter of John P. v Whalen,* 75 AD2d 1021, both holding that he was not entitled to the discovery sought; petitioner also permitted a third appeal to be dismissed for failure to prosecute (see *Matter of John P. v Whalen,* 54 NY2d 89, 93) and before the Court of Appeals once (*Matter of John P. v Whalen,* 54 NY2d 89, *supra,* affg *Matter of John P. v Whalen,* 75 AD2d 1021, *supra*). Another year's delay occurred when on a hearing date petitioner commenced an article 78 proceeding in the nature of prohibition to prevent the panel from proceeding in the absence of one member. The denial of the writ was appealed to our court and affirmed (see

*John P. v State Bd. for Professional Med. Conduct,* 96 AD2d 744). Meanwhile petitioner has continued to practice and 11 new charges have been brought against him. Based on the record before him in this case and the history of the proceedings, which were brought into issue by petitioner, we cannot agree that the commissioner's summary suspension order was arbitrary and capricious (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Nor can it be said that the commissioner's suspension order was overbroad. Charges of recommending and scheduling unnecessary surgery strike at the very heart of a physician's integrity and competence and raise serious questions concerning his qualifications to practice ophthalmology. We reject petitioner's argument that he should be prohibited only from recommending cataract surgery (see *Matter of Wootan v Axelrod,* 91 AD2d 766). We have examined the other points raised on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Flaherty, J. — art 78.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.