■ In the Matter of ROBERT FREYMANN, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (initiated·in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York State. ¶ Petitioner's license to practice medicine was revoked by the Commissioner of Education, effective November 23, 1983, at the direction of the Board of Regents, following three days of hearings before the Professional Misconduct Hearing Committee. This committee found petitioner guilty of all charges brought against him, except that of violating his previous probation, a charge that was withdrawn during the hearing. The charges accused petitioner of ordering and billing excessively for the treatment of a patient; misadministering drugs to two patients; failing to keep accurate records on those patients; failing to report accurately the drugs he had administered; and violating the terms of a previously imposed probation. The committee, taking into consideration petitioner's lack of competence as illustrated by his own testimony, recommended revocation. The Regents Review Committee agreed and so informed the Commissioner of Education, who recommended that the Board of Regents accept the committee's findings, which it did. Thereupon, the commissioner revoked petitioner's license. ¶ In this proceeding, petitioner first argues that he was deprived of due process because, on the first hearing day, the nonphysician committee member was absent and, on the third and final day, one of the physician members was absent, resulting in hearings being held by four of the five panelists on those two days. Petitioner contends that at least four committee members must sit through the entire hearing. Petitioner errs in this assumption since due process is satisfied not by a rule so "mechanical" (see *Matter of Taub v Pirnie,* 3 NY2d 188), but by a consideration of whether the administrative body had the opportunity to make an "informed decision" based on the type of hearing, the administrative burden imposed, and the probable value of the proposed additional safeguards (*Mathews v Eldridge,* 424 US 319), under flexible standards that are reasonable in the circumstances (*Jones v Morris,* 541 F Supp 11, 15, affd 455 US 1009). Herein, all of the members voted in favor of the report, and petitioner never objected to proceeding without the full committee being present. Furthermore it has been held that due process is satisfied if the missing member has had a chance to read the transcript (*Cooper v State Bd. of Med. Examiners,* 35 Cal 2d 242). The error here, if error it was, was not so egregious as to violate due process. It is impossible to conclude that the result herein would be different if all the members had been present, and there is no support for petitioner's contention that the Legislature actually intended that every member must sit at every session (see *John P. v State Bd. for Professional Med. Conduct,* 96 AD2d 744). ¶ As to petitioner's claim that the introduction of evidence of his prior disciplinary "conviction" violates the *"Molineux* rule" (*People v Molineux,* 168 NY 264), that, too, is without merit, since the *Molineux* rule has not been held applicable to administrative proceedings; and, at least, at the start of the hearings, the 1979 discipline was relevant on the subsequently withdrawn charge of violating the terms of petitioner's probation. Furthermore, the introduction of proof of a violation of a prior probation was not so prejudicial as

to vitiate the entire hearing. Usual rules of evidence are inapplicable to administrative hearings (Public Health Law, § 230, subd 10, par [b]; *Matter of Bueno v Ambach,* 82 AD2d 935, 936, mot for lv to app den 54 NY2d 610, app dsmd 54 NY2d 1024), and introduction of evidence which is even somewhat prejudicial will not require reversal (*Matter of Jerry v Board of Educ.,* 50 AD2d 149, 159, app dsmd 39 NY2d 1057, mot for lv to app den 40 NY2d 847). ¶ We have examined petitioner's other contentions and have found that they also lack merit. ¶ Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.