■ In the Matter of JOHN P., Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. — Order, insofar as appealed from, unanimously reversed, determination confirmed and petition dismissed, with costs to appellants. Memorandum: This is an appeal from so much of an order in a CPLR article 78 proceeding as vacates the determination of the Commissioner of Health to suspend petitioner's license to practice ophthalmology for 60 days pending hearing and determination of charges served on June 13, 1983 (see Public Health Law, § 230, subd 12) and restrains the Commissioner from issuing any order suspending or limiting petitioner's license to practice medicine until the completion of hearings on those charges. This proceeding involves the third of three proceedings brought by the Commissioner based on charges that petitioner, an ophthalmologist, has recommended and performed unnecessary eye surgery and other courses of eye treatment. We reject petitioner's claim that the issuance of the summary action order was arbitrary and capricious. This order is identical in form and, except for the fact that it concerns complaints from different patients, in content to the order issued in the second proceeding against petitioner commenced in January, 1983. The same claim was raised with respect to that earlier order and rejected (see *John P. v Axelrod,* 97 AD2d 950, affd 61 NY2d 891). The Court of Appeals has already addressed the constitutionality of the summary action order provision (see *Matter of Wootan v Axelrod,* 60 NY2d 353, 361-362), and there is no merit to the contention that it is unconstitutional. We also find to be utterly without merit petitioner's contention that the Commissioner was prohibited from issuing the summary action order by virtue of a temporary restraining order contained in an order to show cause dated April 25, 1983 granted in an unrelated proceeding (presumably in connection with the second

proceeding against petitioner) which petitioner claims was issued at the commencement of an action by him for a permanent injunction enjoining the Commissioner from revoking, limiting or suspending petitioner's license and which contained a temporary restraining order prohibiting such action. Petitioner omitted to place this alleged order in the record, and it cannot be considered or given effect by our court. In any event, a temporary restraining order purporting to enjoin the Commissioner from performing his statutory duties would be manifestly improper, and the temporary restraining order of April 25, 1983, if deemed applicable to the unrelated subsequent proceeding commenced on June 13, 1983, should have been vacated with the denial of the order. (Appeal from order of Supreme Court, Erie County, McGowan, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Denman, Boomer and O'Donnell, JJ.