■ In the Matter of RICHARD D. SALERNO, Petitioner, v NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT et al., Respondents. [619 NYS2d 869] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review, inter alia, a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In 1991, petitioner, a physician specializing in otolaryngology in the City of Ithaca, Tompkins County, admitted his guilt of three specifications of professional misconduct involving improper sexual conduct with patients, as part of a consent order entered into with respondent State Board for Professional Medical Conduct. Under the terms of the consent order, petitioner's medical license was suspended for five years, with the suspension stayed and a period of probation substituted in its place. It was further provided that in the event a Commit-

tee on Professional Conduct found that petitioner was in violation of any of the terms of his probation, petitioner would be subject to any penalty authorized under Public Health Law § 230-a.

In March 1993, petitioner was served with a notice that he had violated his probation by engaging in improper sexual contact with a 30-year-old male patient (hereinafter Patient A). Specifically, it was alleged that in the course of a physical examination preliminary to surgery to correct a deviated septum, petitioner placed his "ungloved hand inside [Patient A's] pants and underwear and placed [his] fingers on [the patient's] penis for several seconds". At a hearing conducted on the charge before a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee), petitioner testified that he briefly examined Patient A's groin area to the extent of feeling his inguinal nodes, feeling for obvious hernias and briefly examining both testicles. Petitioner denied grasping Patient A's penis at any time. Patient A testified that he had a Ph.D. in immunology and was familiar with the appropriate procedure involved in performing examinations of the male body and the location of the inguinal nodes, in the groin area on the side of each thigh. According to Patient A, petitioner did not examine his testicles or inguinal nodes and did no examination for the presence of a hernia; he did, however, grasp and squeeze Patient A's penis for approximately two or three seconds.

In August 1993, the Committee rendered its determination sustaining the charge. In its decision, the Committee stated that it found the testimony of Patient A to be credible, determining that he had no apparent motive to fabricate his testimony and that his training and medical background made it unlikely that he would have misunderstood the nature of petitioner's physical examination. It concluded that petitioner had violated the terms of his probation and that the misconduct with Patient A constituted both moral unfitness to practice medicine and willfully harassing, abusing or intimidating a patient. The Committee accordingly recommended the penalty of revocation of petitioner's medical license. The Committee's determination was upheld following administrative appeal to the Administrative Review Board, which approved the recommended penalty of license revocation. This CPLR article 78 proceeding ensued.

We are unpersuaded by petitioner's assertions of "egregious error" and accordingly confirm the administrative determination. Initially, in this administrative proceeding based upon

petitioner's violation of the terms of a previously imposed sentence of probation, evidence of petitioner's acknowledgement of improper sexual contact with patients in connection with the 1991 charges was relevant and admissible *(see, Matter of Freymann v Board of Regents,* 102 AD2d 912, *appeal dismissed* 64 NY2d 645). Further, our review of the record reveals no evidence that the Committee based its present findings wholly or partially upon its knowledge of such prior acts, and we find no legal or logical support for the contention that its failure to make a specific factual determination in that regard rendered its decision insufficient as a matter of law *(cf., Matter of Simpson v Wolansky,* 38 NY2d 391). Nor are we persuaded that the decision was deficient in failing to state factual findings adequate to support the determination of moral unfitness (Education Law § 6530 [20]) or of harassing, abusing or intimidating a patient (Education Law § 6530 [31]). To the contrary, the Committee's 13-page decision capably informed both petitioner and this Court of the basis for the determination and afforded petitioner an opportunity for a viable challenge and subsequent judicial review *(see, Matter of Simpson v Wolansky, supra).*

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.