■ In the Matter of SEYMOUR FRANK, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which suspended petitioner's license to practice podiatry for three months and imposed a $1,000 fine. ¶ On January 6, 1978, petitioner pleaded guilty to the crime of conspiracy in the third degree. By doing so, he admitted that he acted in concert with others with the intent to bribe a public official. He was given a conditional discharge and a $1,000 fine by Supreme Court, Kings County. ¶ On October 28, 1982, a hearing under section 6510 of the Education Law was held before the Regents Review Committee which found that petitioner had committed a crime affecting his profession. On December 17, 1982, the Board of Regents accepted the findings of the Regents Review Committee and suspended petitioner's license to practice podiatry for three months and imposed a $1,000 fine. Petitioner contends that the penalty imposed was grossly disproportionate to his offense. ¶ The power of the Supreme Court to review administrative action and the extent of sanctions imposed is strictly limited (*Matter of Pell v Board of Educ.,* 34 NY2d 222). The decision of an administrator with the responsibility of licensing and disciplining a calling should not be set aside unless its measures are shockingly unfair. The acts of petitioner had a direct effect on the profession of podiatry because he raised money for the specific purpose of bribing a public official in order to defeat legislation affecting the profession. It is our opinion that the determination of the Board of Regents was just and fair and certainly not shocking (see *Matter of Fischman v Ambach,* 98 AD2d 854). ¶ Petitioner, as an additional argument for annulment, points out that no action was taken by the administrative authority until four and one-half years after his conviction. To support his contention for unreasonable delay, petitioner applies the speedy trial principles of criminal law. However, different rules apply to administrative hearings (*Matter of Cole v New York State Dept. of Educ.,* 94 AD2d 904; *Matter of Gattner v Whalen,* 71 AD2d 712, mot for lv to app den 48 NY2d 608). The movant must show significant prejudice caused by the delay (cf. *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). Petitioner has set forth no fact which would indicate prejudice caused by the delay. The conviction of the crime, including all activities in connection therewith, were well documented. The hearing was fairly conducted. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Kane, Main, Weiss and Harvey, JJ., concur.