■ In the Matter of ARNOLD M. SWARTZ, Petitioner, v NEW YORK STATE DEPARTMENT OF EDUCATION, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of the Commissioner of Education which revoked petitioner's license to practice pharmacy in New York.

A routine inspection of a pharmacy owned and operated by petitioner, a licensed pharmacist, revealed numerous unlabeled or misbranded drugs as well as medications whose expiration dates had passed. Petitioner was charged with unprofessional conduct, gross negligence, gross incompetence, negligence on more than one occasion and incompetence on more than one occasion. At the ensuing hearing, petitioner admitted that there were problems with his stock which were caused by his "faulty housekeeping". Petitioner further testified regarding two previous investigations which had been conducted of him. He stated, however, that neither had anything to do with the operation of a pharmacy. Respondent sought to introduce evidence of these investigations in order to impeach petitioner's credibility. Specifically, respondent sought to introduce evidence that petitioner's license had been suspended in 1966 when he had pleaded guilty to welfare fraud in filling fraudulent prescriptions and in 1978 when he pleaded guilty to giving an unprescribed controlled substance to an undercover police officer in return for sexual favors. The administrative officer excluded this evidence, stating that it would be considered only if petitioner were found guilty. At the close of the hearing, exhibits of the two prior disciplinary

actions were received, without objection, to be considered if a sanction were imposed.

The Hearing Panel unanimously found petitioner guilty of unprofessional conduct, certain items of gross negligence and of negligence on more than one occasion. He was found not guilty of certain items of gross negligence, of gross incompetence and of incompetence on more than one occasion. The Hearing Panel, stating that it took "a very serious view of [petitioner's] misconduct including [his] history of disciplinary actions, in the past", recommended that petitioner's license be revoked. The Regents Review Committee (hereinafter Committee) reviewed the record, considered briefs submitted by the parties and heard oral argument. It recommended that the Hearing Panel's findings, determination and recommendation be accepted. The Board of Regents (hereinafter Board) followed the Committee's recommendation and voted to revoke petitioner's license. The Commissioner of Education issued an order revoking petitioner's license. This proceeding ensued.

Petitioner does not dispute that there is sufficient evidence to uphold respondent's determination that he was guilty of certain of the charges filed against him. He does, however, argue that the procedures used in determining his penalty were unlawful and that it was an abuse of discretion for the Commissioner to impose the penalty of revocation of his license.

Initially, petitioner argues that he was not notified that his prior disciplinary action would be considered in determining the penalty to be imposed. This argument is belied by the record. As previously mentioned, respondent sought to introduce this evidence during the hearing in order to impeach petitioner. The evidence was not admitted for that purpose. However, the administrative officer indicated that it would be received and considered for purposes of recommending a penalty in the event petitioner was found guilty. At the end of the hearing, the evidence was received without objection for that limited purpose. It is not error for an administrative body to consider prior misconduct when imposing a penalty (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 240; *Matter of Sanchez v Board of Examiners*, 93 AD2d 916).

Petitioner further argues that the rules for sentencing recidivists in criminal cases should apply to this administrative proceeding and, thus, that infractions older than 10 years should be excluded from consideration (*see*, Penal Law § 70.06 [1] [b] [iv]). However, since different interests are at stake, the statutory rules of criminal law are not readily applicable to

administrative proceedings *(see, Matter of Frank v Ambach,* 101 AD2d 631, *lv denied* 62 NY2d 605, *appeal dismissed* 62 NY2d 942; *see also, Matter of Berenhaus v Ward,* 70 NY2d 436). While the remoteness of prior infractions should, as a matter of fairness, be weighed when considering the imposition of a penalty, the drawing of a specific line as to what is so remote as to not merit any consideration should be done by legislation, not judicial fiat.

We are unpersuaded by petitioner's contention, premised upon *Matter of Bigelow v Board of Trustees* (63 NY2d 470), that he was denied a sufficient opportunity to rebut or ameliorate the evidence of prior misconduct. Initially, we note that there is a significant difference between the ex parte consideration of whatever information may have accumulated in an employee's personnel file, as was the case in *Bigelow,* and, as here, the consideration of prior discipline imposed by the same agency after hearings and administrative review. In any event, we find that petitioner was afforded an adequate opportunity to ameliorate the effect of his prior disciplinary proceedings. The Hearing Panel's recommendation as to a penalty was not binding upon either the Committee or the Board (Education Law § 6510; *see, Matter of Cerminaro v Board of Regents,* 120 AD2d 262, 264), and petitioner was afforded the opportunity to submit a memorandum and to argue before the Committee. Petitioner availed himself of this opportunity and advanced many of the same arguments he has made here in support of his assertion that his disciplinary record should be given little if any consideration. While the Committee ostensibly did not allow submission of an unverified statement from a psychotherapist who had treated petitioner, we do not believe that this constituted an error so egregious as to vitiate the proceeding.

Finally, petitioner asserts that the penalty imposed was excessive. We cannot agree. Review of the sanction imposed by an administrative agency is narrow *(see, e.g., Matter of Pell v Board of Educ.,* 34 NY2d 222, *supra).* The penalty generally will not be disturbed unless it is so disproportionate to the offense as to be shocking to one's sense of fairness *(supra).* Deference is given to the Commissioner's determination as to punishment since he is responsible for regulating the profession and protecting the public *(Matter of Jacobs v New York State Educ. Dept.,* 103 AD2d 872, 873). Here, among other things, petitioner's pharmacy contained misbranded drugs, vials with quantities of drugs which exceeded the amount specified on the label, and outdated drugs. These conditions

were potentially dangerous to the public and were in violation of respondent's rules. The violation of rules of a licensing agency cannot be lightly disregarded *(see, Matter of Barr v Department of Consumer Affairs,* 70 NY2d 821). Further, it is not without significance that petitioner had twice before been subject to discipline. His prior record should have heightened his awareness of the necessity to comply strictly with the agency's rules. Tolerance of repeated disregard of pertinent rules would undermine public confidence in the regulated profession.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.