■ In the Matter of JOHN A. POGLINCO, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of the Commissioner of Education which suspended petitioner's license to practice medicine in New York for one year.

Petitioner is a board-certified obstetrician and gynecologist. After an extended hearing, a Hearing Panel for the State Board for Professional Medical Conduct (hereinafter Panel) recommended that petitioner be found guilty on charges including gross negligence, negligence on more than one occasion, incompetence on more than one occasion, unprofessional conduct in failing to properly maintain accurate records, fraud and unprofessional conduct relevant to incorrect disclosure in credential and practice history inquiries made by two hospitals. The Panel recommended that petitioner's license be suspended for 1 to 2 years; that petitioner complete a residency program in obstetrics and gynecology; that petitioner pass a board recertification examination in obstetrics and gynecology; and that, upon completion of the residency and the recertification, any remaining suspension be stayed, except that if petitioner should fail to complete the requirements within two years his license should be revoked.

The Commissioner of Health (hereinafter Commissioner) recommended that the finding of guilt be adopted but that a lesser sanction be imposed. The Regents Review Committee (hereinafter Review Committee) adopted the Panel's finding of guilt but proposed a one-year suspension followed by probation for two years, during which petitioner complete a one-year residency program in obstetrics and gynecology and complete a medical ethics course. During probationary retraining, petitioner's practice would be limited to the obstetrics/gynecology residency program. Respondent adopted the findings made by the Panel and the penalty proposed by the Review Committee. This CPLR article 78 proceeding to review the determination ensued.

Petitioner initially contends that the Commissioner unjustly refused to accept and review written argument on the merits and both written argument and evidence in mitigation of the penalty.* We disagree with this argument. Petitioner had the opportunity at the hearing before the Panel to make any record, to present any argument and to offer any submissions (Public Health Law § 230 [10] [f]); however, there is no provision for posthearing submissions during the Commissioner's review (Public Health Law § 230 [10] [i]).

Petitioner next contends that the refusal of the Review Committee to receive written material was improper. The review procedure does permit input and argument by petitioner, and the letter from the Review Committee giving formal notice of the hearing to be held by it specifically invited his submission of "a brief and/or other papers" (see, Matter of Swartz v New York State Dept. of Educ., 135 AD2d 1002, 1004). However, the Review Committee refused to accept any submissions which were not in the original record and offered no explanation for its departure from its normal procedure. This refusal effectively precluded consideration by respondent of petitioner's subsequent conduct, both good and bad, which has been held to be relevant on the measure of punishment (see, Matter of Davis v Board of Regents, 283 App Div 591, 595). Since the Review Committee's hearing was held on October 17, 1989, a year after the close of the Panel hearing, many subsequent events could well have had a bearing on the sanction. While respondent argues that petitioner was permitted to present oral argument on mitigation to the Review Committee, we find that to be of little moment since there is no indication that such argument was before respondent at the time of its deliberations. Accordingly, the penalty imposed must be vacated and the matter remitted to respondent for further proceedings. We need not reach the merits of petitioner's argument on the excessiveness of the penalty.

Determination modified, without costs, by vacating the penalty imposed; matter remitted to respondent for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.

---

* In his brief, petitioner has not contended that there exists, at any stage, a posthearing right to submit additional evidence on the issue of guilt. Petitioner does not attack the underlying findings of guilt, limiting his brief to penalty issues only.