■ In the Matter of 882 EAST 180TH STREET DRUG CORPORATION, Doing Business as HONEYWELL DRUGS, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. (Proceeding No. 1.) In the Matter of SYED HUSSAIN, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. (Proceeding No. 2.) [596 NYS2d 193] —Yesawich Jr., J. Proceedings pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review two determinations which, in proceeding No. 1, revoked petitioner's registration to operate a retail pharmacy and, in proceeding No. 2, revoked petitioner's license to practice as a pharmacist.

On March 28, 1991, a routine inspection by investigators with the Office of Professional Discipline uncovered a large quantity of misbranded and sample packages of prescription drugs within the registered area of a pharmacy owned and registered to petitioner 882 East 180th Street Drug Corporation, doing business as Honeywell Drugs (hereinafter Honeywell). Honeywell, and petitioner Syed Hussain as supervising pharmacist, were each charged with eight specifications of misconduct sounding in negligence, incompetence and unprofessional conduct. After a hearing, both petitioners were found guilty of gross negligence, negligence on more than one occasion and unprofessional conduct, namely placing previously dispensed drugs in stock, holding misbranded drugs for sale, and wilfully holding misbranded drugs and sample drugs for sale. The specifications charging gross incompetence and incompetence on more than one occasion were not sustained. In accordance with the recommendations of the Hearing Panel and Regents Review Committee, the Board of Regents revoked Hussain's license to practice pharmacy and Honeywell's registration to operate as a retail pharmacy on each specification, and each was fined $5,000. Petitioners commenced these CPLR article 78 proceedings, arguing that the determinations of guilt are not supported by substantial evidence and that the sanctions imposed are disproportionate to the offenses of which they were found guilty. We are unpersuaded.

Testimony presented at the hearing by the Office of Professional Discipline—petitioners proffered no testimony—established that the wholesale value of the misbranded drugs, which were found in several boxes in a back room of the registered pharmacy area, was between $5,000 and $9,000. The drugs included physician and hospital samples, drugs that

had been dispensed by other pharmacies and large quantities of pharmaceuticals in unlabeled or improperly labeled containers. Some of the drugs, the sources of which were not properly documented, had been placed into containers labeled with the name and address of the pharmacy. Although Hussain represented to the investigators that the drugs were all brought to the pharmacy for destruction, he admitted that none had ever been destroyed. He also asserted that none of the drugs so acquired were ever resold. With justification, this explanation was found to be "incredible" by the Hearing Panel. Because credibility determinations are the exclusive province of the Hearing Panel and the Board *(see, Matter of Bassim v Sobol,* 178 AD2d 787, 788, *appeal dismissed, lv denied* 79 NY2d 941), and inasmuch as the quantity, nature and value of the drugs, as well as the fact that some of them were placed into containers displaying the pharmacy's own label, provide strong circumstantial evidence that they were being held for resale, we cannot say that the Board's determination was not sufficiently supported by the evidence.

In view of the threat to the public posed by petitioners' deliberate conduct, the penalties of revocation and fines are not so disproportionate to the offenses as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Swartz v New York State Dept. of Educ.,* 135 AD2d 1002, 1004-1005). That less severe sanctions may have been imposed on others found guilty of like conduct does not ineluctably lead to the conclusion that the penalty imposed here is disproportionate to the offense *(see, Matter of Mujtaba v New York State Educ. Dept.,* 148 AD2d 819, 821).

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petitions dismissed.