■ In the Matter of RICHARD GOLD, Petitioner, v BARBARA DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [655 NYS2d 166] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Previously, we modified an administrative determination finding petitioner guilty of misconduct by dismissing the charges relating to two former patients (patients B and E) while sustaining other findings of wrongdoing (215 AD2d 18, *lv denied* 87 NY2d 805). Inasmuch as the initial determination to revoke petitioner's license had been expressly based upon all of the original findings of misconduct, however, we deemed it appropriate to remit the case for redetermination of the penalty without consideration of the charges that had been dismissed (*see, supra*, at 24). Upon remittal, the Hearing Committee again ordered petitioner's license revoked and the Administrative Review Board (hereinafter the Board) sustained that determination. On appeal, petitioner challenges the appropriateness of the sanction and the procedure by which that penalty was agreed upon.

Petitioner claims that the Board wrongly remanded the matter to the same Hearing Committee that had originally sustained all of the charges. He maintains further that the celerity with which that Committee arrived at its decision to revoke, and its terseness, demonstrates that it did not consider relevant mitigating factors, imposed a "per se" sanction of re-

vocation and was improperly influenced by its knowledge of the dismissed charges. We disagree.

The record discloses no basis for petitioner's speculation that the Hearing Committee, or the Board, automatically imposes a sanction of revocation for sexual wrongdoing, or for his assertions that the Committee members failed to actually deliberate or to consider the relevant mitigating factors (*cf., Matter of Finelli v Chassin*, 206 AD2d 717, 717-718; *Matter of Nehorayoff v Fernandez*, 191 AD2d 833, 834-835). There is no indication that the Committee, which expressly stated that it had reached its decision after reconsidering only the evidence and findings relating to patients A, C and D—and on the basis of those findings alone—did not, in fact, disregard the other charges. Nor does the Board's statement, that the "extreme and repeated nature of [petitioner's] misconduct outweighs any mitigating factors in this case", manifest that it ignored those factors; in our view, the Board was simply voicing its opinion that the mitigating circumstances here did not rise to the level necessary to warrant a reduction in the penalty.

Meritless also is petitioner's contention that he was improperly denied the opportunity to bring to the Hearing Committee's attention, on remittal, proof that he has practiced without incident, and with distinction, since the original determination. Petitioner had ample opportunity in the original proceeding to furnish evidence of his character and his activities in the years since the events underlying the charges (*cf., Matter of Poglinco v Board of Regents*, 170 AD2d 903, 904), and in fact did so. Given his failure to show how the proof he now seeks to offer differs in any material way from that already placed before the Committee, we perceive no reason, in this instance, to require that further evidence be accepted.

And, bearing in mind the nature and extent of petitioner's proven transgressions, revocation of his license is not a shocking or excessively harsh penalty (*see, Matter of Martinez-Urrutia v Szetela*, 216 AD2d 700, *lv denied* 86 NY2d 710; *Matter of De Paula v Sobol*, 191 AD2d 822, 825; *Matter of Rudner v Board of Regents*, 105 AD2d 555, 556). Petitioner's remaining contentions have been considered and found wanting.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.