■ In the Matter of SIDNEY CHEN, Petitioner, v ADMINISTRATIVE REVIEW BOARD OF STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [771 NYS2d 229]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent which suspended petitioner's license to practice medicine in New York.

Petitioner was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with negligence on more than one occasion, incompetence on more than one occasion, and ordering unwarranted tests and treatment. A Hearing Committee of the State Board for Professional Medical Conduct sustained the charges of negligence as to patients A, B and C, as well as the unwarranted test and treatment charges as to patients A and C. The Hearing Committee determined that petitioner's license to practice medicine should be suspended for two years, with the suspension stayed and petitioner placed on probation for two years. Upon BPMC's appeal of the administrative penalty, respondent modified the penalty by removing the stay on the two-year suspension and lengthening the term of probation to five years, with a condition requiring the monitoring of petitioner's entire surgical practice. Petitioner then commenced this proceeding, challenging respondent's decision to enhance the penalty imposed by the Hearing Committee and asserting that the penalty shocks the conscience.

Initially, we note that respondent is empowered to impose a harsher penalty than the Hearing Committee (see Matter of Kite v DeBuono, 233 AD2d 783, 786 [1996]) and such penalty will not be disturbed upon review unless it "is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ., 34 NY2d 222, 233 [1974] [internal quotation marks and citation omitted]; see Matter of Orens v Novello, 307 AD2d 392, 393 [2003], appeal dismissed 100 NY2d 614 [2003]). Here, the record reveals that with respect to patient A, petitioner failed to order a test and biopsy prior to performing a hysterectomy, performed a lymphadenectomy without obtaining a necessary

preoperative diagnosis of malignancy, did not follow up on a chest X ray indicating the presence of a potential lung tumor and failed to perform a frozen section on a cervical lesion during the operation, which, if performed, would have resulted in a different course of treatment. Regarding patient B, petitioner failed to perform a second pap smear prior to performing a hysterectomy when an earlier test indicated a potential cervical lesion and "dry/degenerated abnormal cells." He also informed the patient's referring physician that the results of the first test were normal even before receiving those results. Finally, petitioner performed a lymph node sampling on patient C, notwithstanding the absence of a diagnosis of cancer. This evidence provided a rational basis for respondent's determination sustaining the negligence and unwarranted test and treatment charges, as well as its conclusion that petitioner used poor judgment, demonstrated a willingness to cut corners and placed all three patients at risk. Under these circumstances, we cannot say that the penalty imposed by respondent is shocking to one's sense of fairness.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.