■ In the Matter of AKIVA D. ABRAHAM, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents.
[832 NYS2d 462]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Following a hearing before a Hearing Committee of the State Board for Professional Medical Conduct, petitioner, a licensed physician specializing in obstetrics and gynecology, was found guilty of practicing medicine fraudulently, practicing medicine with negligence on more than one occasion, engaging in conduct in the practice of medicine that evidences moral unfitness to practice medicine, filing a false report, failing to maintain accurate records and suffering from a psychiatric condition which impairs his ability to practice medicine. The Hearing Committee revoked his license. The findings of professional misconduct, as well as the penalty of license revocation, were affirmed by

the Administrative Review Board for Professional Medical Conduct (hereinafter ARB).

In this CPLR article 78 proceeding, petitioner challenges the revocation of his medical license. In particular, he claims that the testimony of two expert witnesses was admitted in violation of federal law (i.e., the Health Insurance Portability and Accountability Act of 1996) and the physician-patient privilege, that this error so permeated the hearing as to render it unfair and that, without their testimony, there is no evidence in the record supporting license revocation such that this penalty shocks one's sense of fairness. Assuming, without deciding, that an error occurred in the admission of the challenged testimony, we are nevertheless unpersuaded by petitioner's arguments.

Uncontested findings of fact against petitioner establish that he initiated sexual contact with a patient suffering from anxiety and depression on the same day that he was treating her for an abortion, that he thereafter maintained a sexual relationship with this patient for five months, which included having intercourse in his office and a local hospital, that he forced this patient to have intercourse on one occasion and that he thereafter lied to a Department of Health investigator by denying the existence of this sexual relationship.* Uncontested findings of fact further established that petitioner engaged in numerous acts of fraud, including falsifying the medical records of certain patients. Additional uncontested findings of fact establish that petitioner was negligent on more than one occasion with respect to certain patients, failed to maintain accurate records and misrepresented on his Web site that he was a member of two particular professional medical associations. Given the scope and nature of the charges, we are unable to conclude that the penalty of revocation is so disproportionate to the offenses as to shock one's sense of fairness (*see e.g. Matter of Youssef v State Bd. for Professional Med. Conduct*, 6 AD3d 824, 826-827 [2004]; *Matter of Mayer v Novello*, 303 AD2d 909, 910 [2003]; *Matter of Citronenbaum v New York State Dept. of Health*, 303 AD2d 855, 857 [2003]; *Matter of Alexander v State Bd. for Professional Med. Conduct*, 287 AD2d 918, 920 [2001]; *Matter of Gold v DeBuono*, 237 AD2d 758, 759 [1997]; *Matter of Jadoo v DeBuono*, 235 AD2d 644, 645 [1997]; *Matter of D'Amico v Commissioner of Educ. of State of N.Y.*, 167 AD2d 769, 771 [1990]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). In short, that which petitioner does

* Petitioner eventually admitted that he indeed had a sexual relationship with this patient.

not contest alone supports the finding of license revocation. Therefore, we decline to disturb the ARB's determination.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.