■ In the Matter of RONY CHATELAIN, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [852 NYS2d 424]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine as a physician assistant in New York.

Petitioner, a licensed physician assistant, was charged with violating Education Law § 6530 (9) (a) (i) by having been convicted of crimes under New York law. Specifically, petitioner was convicted on September 15, 2005 by a plea of guilty to the crime of driving while intoxicated, a felony, and aggravated unlicensed operation of a motor vehicle, a misdemeanor. A little more than a month later, on October 27, 2005, petitioner was again convicted of operating a motor vehicle under the influence of alcohol, a felony. Following an administrative hearing at which petitioner did not contest the charges brought against him, a Hearing Committee of the State Board for Professional Conduct found petitioner guilty of professional misconduct and imposed a three-year suspension of his physician assistant license, with all but the first six months of said suspension stayed, and placed petitioner on probation for five years. The Bureau of Professional Medical Conduct appealed that sanction

and, upon review, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) ordered that petitioner's license be revoked. Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul that determination.

It is well within the ARB's powers to impose a harsher penalty than that imposed by the Hearing Committee (*see Matter of Chen v Administrative Review Bd. of State Bd. for Professional Med. Conduct*, 3 AD3d 617, 617 [2004]; *Matter of Kite v De-Buono*, 233 AD2d 783, 786 [1996]), and such penalty will not be disturbed upon review unless it "is so incommensurate with the offense as to shock one's sense of fairness" (*Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 825 [1994]; *see Matter of Abraham v Novello*, 39 AD3d 1039, 1040 [2007]; *Matter of Wahba v New York State Dept. of Health*, 277 AD2d 634, 636 [2000]; *Matter of Wolfson v DeBuono*, 256 AD2d 939, 939 [1998]). Petitioner has a significant history that covers a period of 10 years where he has admitted engaging in alcohol related criminal conduct. Specifically, he stands convicted on three separate occasions of driving while intoxicated, two of which were for felonies; he has also pleaded guilty to driving while his ability was impaired by the consumption of alcohol, a violation, and operating his motor vehicle in an intoxicated condition knowing that his operator's license had been suspended. Moreover, his most recent convictions both involve felonies and involve conduct which occurred only weeks apart. In addition, petitioner has admitted to consuming alcohol in the morning, prior to leaving for work, and has not, based on the records submitted, fully cooperated in rehabilitative programs designed to address his problem with alcohol abuse. This history provides ample support for the ARB's conclusion that petitioner is unfit to practice as a physician assistant and that his license should be revoked.

We also reject petitioner's claim that the ARB should not have considered as evidence a statement attributed to him in a presentence report because the author of the report was not called as a witness at the hearing. Given petitioner's own admission at the hearing that he made the statement in question, coupled with the fact that he could have subpoenaed the probation officer to testify at the hearing (*see* Public Health Law § 230 [10] [c]; State Administrative Procedure Act § 304 [2]), his claim that he was denied due process is unavailing.

Finally, there is no credible support in the record for petitioner's claim that the decision to revoke his license was unduly harsh or race-based. "Merely alleging bias is not sufficient

to set aside an administrative determination. Rather, the party alleging bias must set forth a factual demonstration supporting the allegation as well as prove that the administrative outcome flowed from it" (*Matter of Sunnen v Administrative Rev. Bd. for Professional Med. Conduct*, 244 AD2d 790, 791 [1997], *lv denied* 92 NY2d 802 [1998] [citations omitted]; *see Matter of Yoonessi v State Bd. for Professional Med. Conduct*, 2 AD3d 1070, 1071 [2003], *lv denied* 3 NY3d 607 [2004]). Petitioner fails to provide any factual support for his claim that the decision to revoke his license was imposed by the ARB because of his racial background or nationality. Simply because petitioner received a penalty more severe than that imposed in other disciplinary proceedings is, by itself, an insufficient basis upon which to establish bias. In any event, "penalties imposed in other cases are irrelevant because each case must be judged on its own peculiar facts and circumstances" (*Matter of Bezar v DeBuono*, 240 AD2d 978, 979 [1997]). Therefore, we decline to disturb the ARB's determination.

Petitioner's remaining claims have been considered and found to be without merit.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.