■ In the Matter of FRANK CIOFALO, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— *Per Curiam.* Proceeding under CPLR article 78 to review a determination of the Board of Regents which revoked the petitioner's license to practice medicine pursuant to the permissive provisions of subdivision 2 of section 6514 of the Education Law. The charges contain two specifications which charge in substance: (1) that the petitioner has been convicted of a crime in a court of competent jurisdiction within the meaning of section 6514 (subd. 2, par. [b]) of the Education Law in that, charged with 26 counts of abortion as a felony and one count of attempted abortion, he entered a plea of guilty under the 27th count of the indictment (attempted abortion) to the misdemeanor of assault in the third degree, and (2) that the petitioner undertook and engaged to perform criminal abortions within the purview and meaning of section 6514 (subd. 2, par. [e]) of the Education Law in that the petitioner performed abortions upon four named persons. As to the first specification, the conviction, which is undisputed, must be regarded as an admission of some unlawful physical or medical procedure in relation to a pregnant woman named in the indictment, which was received in evidence at the hearing (*Matter of Jones* v. *Allen*, 4 A D 2d 994). As to the second specification, there was direct and substantial evidence of abortions performed upon the four persons named. Giving due consideration to the prior reputation of the petitioner, the measure of discipline imposed is not so disproportionate to the offenses established as to warrant the substitution of our judgment for that of the administrative agency (cf. *Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361; *Matter of Leavitt* v. *Board of Regents*, 9 A D 2d 987) and we do not find a basis in the record for determining that the discipline should be different from that which the Regents have imposed on recommendation of the Medical Committee on Grievances. The petitioner contends also that the "refusal of the Board of Regents to grant a continuance (adjournment) under the circumstances violated petitioner's rights to due process." The hearing originally was scheduled for May 13, 1964. The petitioner requested and obtained an adjournment to June 9, 1964. On June 9, 1964, the petitioner requested an

adjournment "to the fall". The request was granted and thereafter the petitioner was informed through his counsel that the new date for the hearing was September 15, 1964. However, on June 9 the Chairman of the Subcommittee on Grievances directed that the hearing would be required to proceed on the date to be fixed in September and that the petitioner should engage other counsel if his counsel was otherwise engaged at that time. On September 15 a further adjournment was requested. The chairman of the subcommittee postponed the hearing to September 29, 1964, but made a further repetitive direction that the hearing be held on that date regardless of the petitioner's position or his "attorney's position" and added: "We are going to have the hearing on the 29th regardless of whether or not you people represent the Respondent [the instant petitioner]." On September 29 the petitioner's attorney through an associate presented an affidavit of engagement and asked for a further adjournment. The adjournment was denied as to the witnesses present but the associate counsel was advised that the witnesses on behalf of the petitioner might be produced at a later date. This offer was declined. As to the petitioner's contention that refusal to grant a fourth adjournment deprived him of due process, comment, in the light of the circumstances, would seem unnecessary. Determination confirmed, and petition dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.