■ In the Matter of LIBARDO ROJAS, Petitioner, v THOMAS SOBOL, as Commissioner of Education, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

In September 1988, the Department of Health's Office of Professional Medical Conduct (hereinafter OPMC) initiated charges against petitioner alleging 13 incidents of abuse and inappropriate physical contact involving one female employee and six female patients over the time period from 1977 to 1988. After a hearing, a panel of the OPMC set forth findings and conclusions recommending that 12 of the charges be sustained and that petitioner's medical license be permanently revoked. Upon a review of the record, the Commissioner of

Health recommended to the Board of Regents that the findings and conclusions of the Hearing Panel be accepted and that petitioner's license be revoked. Upon a similar review, and after oral argument and further submissions by petitioner, the Regents Review Committee unanimously recommended acceptance of conclusions of the Hearing Panel and that petitioner's license be revoked.* The Board of Regents reviewed the entire record, accepted both the Hearing Panel's findings and conclusions, and those of the Commissioner of Health. Petitioner's license was revoked and this proceeding ensued.

Petitioner contends that he was prejudiced by the delay in the commencement of the proceedings. However, neither the Statute of Limitations nor the doctrine of laches apply to disciplinary proceedings and, absent proof of actual prejudice, mere delay is not the basis for annulling a determination in a disciplinary hearing (see, Matter of Wolf v Ambach, 95 AD2d 877; see also, Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169, 177, cert denied 476 US 1115; Matter of Ambrosio v State Div. of Human Rights, 144 AD2d 662). Moreover, petitioner's claim of prejudice is unsubstantiated. Proof of the subject incidents involving one-on-one situations relied solely upon the credibility of the complaining witnesses and petitioner, not outside witnesses or records. Because petitioner's medical license is a private interest which carries with it the obligation to adhere to strict ethical standards, errant behavior is not shielded by time limitations (see, Matter of Sinha v Ambach, 91 AD2d 703).

Petitioner next contends that he was deprived of a fair and impartial hearing due to (1) certain evidentiary rulings, (2) the fact that the Hearing Panel was all female, and (3) the Department of Health's refusal to turn over its investigative file. We find no merit in any of these arguments. It is well settled that the strict rules of evidence do not apply in administrative proceedings (see, Matter of Ackerman v Ambach, 142 AD2d 842, 844, affd 73 NY2d 323), and as the rulings involved relevancy, they were well within the discretion of the Administrative Law Judge. Petitioner has provided no factual basis to suggest that the gender makeup of the panel was inappropriate or that any of the members exhibited prejudice on a gender basis. The request for the Department of Health's investigative file was properly denied as an unspe-

---

* The vote of the Regents Review Committee was 2 to 1 in favor of the revocation.

cific fishing expedition *(see, Matter of Doe v Axelrod,* 123 AD2d 21, 30, *revd on other grounds* 71 NY2d 484; *see also,* Public Health Law § 230 [10] [e]).

Petitioner's further contention that the record lacks support for the determination is without basis. Where, as here, there is substantial evidence to support the hearing determination, the reviewing court may not disturb the findings *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179). Moreover, questions of fact and witness credibility are to be exclusively determined by the Hearing Panel and the Board of Regents *(see, Matter of Block v Ambach,* 73 NY2d 323, 335). Finally, we do not find the license revocation either disproportionate to the offense or shocking to our sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.