■ In the Matter of BEHROOZ BASSIM, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed physician, was charged by the State Board for Professional Medical Conduct with six specifications of professional misconduct relating to petitioner's alleged sexual abuse of three female patients (patients A, B and C). Specifically, petitioner was charged with three specifications of conduct evidencing a moral unfitness to practice medicine and three specifications of willful abuse of a patient. Following a hearing, the Hearing Committee issued its findings of fact and conclusions of law and recommended that all charges against petitioner be sustained and that his license to practice medicine be revoked. Petitioner sought to reopen the hearing but this motion was denied. In the meantime, respondent Commissioner of Health reviewed the record and recommended that

the Hearing Committee's findings, conclusions and suggestion as to penalty be accepted and the matter be referred to the Regents Review Committee for a hearing.

After reviewing the record and hearing oral argument, the Regents Review Committee accepted the findings and conclusions of the Hearing Committee and Commissioner of Health and recommended that petitioner's license to practice medicine be revoked on each of the six specifications of misconduct. The Regents Review Committee also denied petitioner's second request to reopen the hearing. Thereafter, respondent Board of Regents accepted the Regents Review Committee's recommendations as to guilt and penalty and respondent Commissioner of Education issued an order to that effect. Petitioner then commenced this CPLR article 78 proceeding to challenge this determination.

Initially, we reject petitioner's contention that the determination of petitioner's guilt by a preponderance of the evidence is not supported by substantial evidence in the record (see, Matter of Carrera v Sobol, 163 AD2d 706, 708, affd 77 NY2d 931; Matter of Prokopiw v Commissioner of Educ., 149 AD2d 874, 875, appeal dismissed 75 NY2d 809). Here, the testimony of patients A, B and C provided ample evidence to support the charges. Specifically, patient A testified that during an internal exam for the putative purpose of treating a bladder infection, petitioner unzipped his pants and penetrated her while she lay on the examining table. Patient B testified that during massages administered by petitioner as treatment for her lower back pain, petitioner would also massage her buttocks, genital area and breasts, and also occasionally kiss her neck. Patient C stated that she went to petitioner to have certain tests performed and, during an examination, petitioner reached under her shirt and fondled her breasts.

In his own testimony, petitioner disputed all these allegations and pointed to alleged inconsistencies in the witnesses' accounts in an attempt to discredit them. The fact remains, however, that matters of witness credibility are the exclusive province of the Hearing Committee and the Board of Regents to resolve (see, Matter of Rojas v Sobol, 167 AD2d 707, 709, lv denied 77 NY2d 806). Accordingly, inasmuch as there is substantial evidence to support the guilty determinations, no basis for annulment on this ground is presented.

Similarly, petitioner's remaining arguments have been examined and found to be without merit. Contrary to petitioner's arguments, his claim that he was denied a fair and

impartial hearing is not borne out by the record. Finally, we find no abuse of discretion or impropriety in respondents' denials of petitioner's motions to reopen the hearing.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.