[604 NYS2d 646]

In the Matter of JEFFREY H. RUDELL, Petitioner, v COMMISSIONER OF HEALTH OF THE STATE OF NEW YORK, Respondent.

Third Department, December 2, 1993

### APPEARANCES OF COUNSEL

*Bower & Gardner,* New York City *(Laurence W. Futterman, Kevin D. Porter* and *Barbara A. Ryan* of counsel), for petitioner.

*Robert Abrams, Attorney-General,* New York City *(Barbara K. Hathaway* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

After a hearing before a Committee on Professional Conduct of the State Board for Professional Medical Conduct (hereinafter the Committee), petitioner, a physician, was found guilty of charges of professional misconduct and he appealed the determination to the recently created Administrative Review Board for Professional Medical Conduct *(see,* Public Health Law § 230-c, added by L 1991, ch 606, § 16). The Administrative Review Board sustained the Committee's findings of guilt on the charges of professional misconduct and adopted the Committee's recommendation of revocation of petitioner's license to practice medicine as the penalty. Petitioner then

commenced this CPLR article 78 proceeding to review the determination of the Administrative Review Board.

■ Pursuant to Public Health Law § 230-c (4) and (5), a licensee aggrieved by a determination of the Committee has the option of seeking either administrative review of the Committee's determination in an appeal to the Administrative Review Board or judicial review of the Committee's determination in a CPLR article 78 proceeding. If the licensee pursues the administrative appeal process, the determination of the Administrative Review Board is subject to judicial review pursuant to CPLR article 78 (Public Health Law § 230-c [5]). In this case, petitioner opted to pursue administrative review of the Committee's determination and, therefore, the initial matter to be considered is the scope of this Court's review of a determination of the Administrative Review Board. The substantial evidence test is applicable to "a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]). The Committee's determination is such a determination (see, Public Health Law § 230). The Administrative Review Board, however, conducts no hearing at which evidence is taken pursuant to direction by law (see, Public Health Law § 230-c [4]) and, therefore, judicial review is limited to determining whether the Administrative Review Board's "determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; cf., Matter of Cargill v Sobol, 165 AD2d 131, 133, lv denied 78 NY2d 854).

■ Applying the latter standard in the instant proceeding, we conclude that the determination of the Administrative Review Board must be confirmed. The charge of professional misconduct arose out of two unrelated incidents: the alleged sexual abuse of a patient (hereinafter patient A) during a physical examination and diagnostic work-up, and an alleged false statement on petitioner's application for appointment to the staff of a hospital in New York City. Petitioner contends that the Administrative Review Board's determination, which sustained the determination of the Committee, must be annulled because the Committee relied upon legally incompetent and nonprobative evidence, drew impermissible conjectural inferences and erroneously permitted evidence which "prejudicially predisposed" the Committee.

During the course of the hearing, when a question arose as to whether it was physically possible for petitioner to have

stood in the position testified to by patient A, petitioner's counsel invited the Committee to view the examining room in petitioner's office. At the time of the Committee's visit, the examining table was positioned so that there was a space of only a few inches between its foot and the wall, but when a Committee member pushed the table so that its head was against the opposite wall, the space at the foot of the table was large enough for an adult male to stand and bend over. We reject petitioner's contention that the Committee's visit to the examining room and movement of the examining table were improper. The visit occurred as a result of the invitation of petitioner's counsel, who was present during the visit and did not object to the movement of the table, and petitioner's interests were adequately protected by the ample opportunity afforded petitioner to question and rebut the evidence which resulted from the viewing of his office (see, *Uss v Town of Oyster Bay,* 37 NY2d 639, 641). Petitioner contends that there is no evidence in the record that the head of the examining table was against the wall at the time of the alleged sexual abuse, but patient A was asked whether the table fit snuggly against the wall and she testified that "it was at the head * * * but at the bottom there was a good amount of space, at the end of the table, there was space". The evidence to the contrary submitted by petitioner created a factual issue for the Committee to resolve.

We reject petitioner's contention that the Committee engaged in conjecture and speculation to conclude that petitioner's conduct with patient A constituted sexual abuse rather than appropriate physical examination. There is no merit in petitioner's claim that patient A's testimony is of little probative value because she could not actually see what petitioner was doing. The Committee's finding was based upon the direct testimony of patient A concerning petitioner's conduct, the testimony of patient A's roommate concerning both patient A's immediate complaints about petitioner's conduct and petitioner's attempts to telephone patient A after the incident, and a tape recording of a telephone conversation between patient A and petitioner which occurred after the incident. Based upon this evidence, we see no error of law in the Administrative Review Board's determination to sustain the findings of the Committee concerning the charges of sexual abuse. To the extent that the Committee's findings are based upon inferences drawn from the evidence, petitioner is incorrect in his claim that the existence of competing inferences

which could have been drawn from the evidence renders the determination erroneous as a matter of law *(see, Matter of Gulino v Ward,* 169 AD2d 516; *Matter of Schaff v Maunz Co.,* 144 AD2d 109, 110; *see also, Matter of Di Maria v Ross,* 52 NY2d 771, 772). Petitioner makes no separate challenge to the finding concerning the false statement.

Petitioner claims that the admission into evidence of the tape recording of the telephone conversation between patient A and petitioner was unduly prejudicial and deprived petitioner of a fair hearing. Although petitioner made no explicit admissions during the conversation, his equivocal responses to the patient's accusations were of some probative value and we see no prejudice from the accusations themselves, which contained nothing that was not revealed during the patient's testimony at the hearing.

Petitioner's final claim, that the penalty of revocation is an abuse of discretion, is meritless. A physician's sexual misconduct is a serious offense which justified the imposition of the penalty of revocation *(see, Matter of Sharma v Sobol,* 188 AD2d 833, 835-836). There is no basis in the record for disturbing the penalty imposed in this case *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

MIKOLL, J. P., YESAWICH JR., MERCURE and CREW III, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.