■ In the Matter of JOHN E. SANTASIERO, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents. [607 NYS2d 142] —Weiss, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice pharmacy in New York for six months.

Petitioner, a pharmacist, was found guilty of one specification of professional misconduct when, without authorization on February 29, 1988, he substituted and dispensed the non-controlled drug Glucamide (the brand name for chlorpropomide, a drug usually prescribed for the treatment of diabetes) for the drug which had been prescribed, chlorpromazine (a tranquilizer), in violation of Education Law § 6509 (9) and 8 NYCRR 29.7 (a) (5). Petitioner challenged the administrative determination which found him guilty by commencing this proceeding contending, inter alia, the error, if any, involved no wrongful intent, thereby rendering the regulation inapplicable.

There is no requirement in 8 NYCRR 29.7 (a) (5) that the substitution must be willful or knowing or that there must be a finding of scienter on petitioner's part. Respondent's interpretation of the regulation as not requiring that wrongful intent be proven is both reasonable and rational (see, Matter of Di Marsico v Ambach, 48 NY2d 576, 582) considering the

potential harm which can result from the dispensing of incorrect medication.

Petitioner also contends that the determination is not supported by substantial evidence and that the penalty imposed was shockingly harsh. We disagree. There is clear evidence in the record to support the finding that incorrect dispensing of prescription medication occurred. Whether the testimony of witnesses was believable is a credibility issue for resolution by the fact finder (*Matter of Golan v Sobol*, 195 AD2d 634; *Matter of Bassim v Sobol*, 178 AD2d 787, 788, *appeal dismissed, lv denied* 79 NY2d 941; *Matter of Rojas v Sobol*, 167 AD2d 707, 709, *lv denied* 77 NY2d 806).

We further find that with respect to the penalty imposed, the established appellate standard is that "[i]n reviewing the propriety of [professional] discipline, we are restricted to determining only whether the penalty is so incommensurate with the offense as to shock one's sense of fairness" (*Matter of D'Amico v Commissioner of Educ. of State of N. Y.*, 167 AD2d 769, 771; *see, Matter of Golan v Sobol, supra*). In this case, the prescribed medication was a tranquilizer to be administered to a 39-year-old adult male who had sustained brain damage. Upon this record, we cannot agree that the penalty of a six-month suspension, which was stayed and probation imposed instead, was so harsh as to rise to the level of being shockingly disproportionate.

Mikoll, Mercure, Cardona and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.