■ In the Matter of SIMON WAPNICK, Petitioner, v NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT et al., Respondents. [611 NYS2d 41] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is a surgeon practicing medicine in this State. In March 1992, respondent State Board for Professional Medical Conduct charged petitioner with 14 specifications alleging professional misconduct which included charges of gross negligence, gross incompetence, negligence on more than one occasion and incompetence on more than one occasion in the course of his treatment of six patients (hereinafter referred to as patients A through F).

Following an administrative hearing before a Hearing Committee on Professional Conduct (hereinafter the Committee), a determination was rendered sustaining (1) the charges of gross incompetence arising from petitioner's care of patients B, C, D and E, (2) the charges of incompetence on more than one occasion involving petitioner's care of patients A, B, C, D and E, (3) the charges of gross negligence arising out of petitioner's care of patients B, D and E, as well as (4) the charges of negligence on more than one occasion involving petitioner's care of patients A, B, C, D and E. The specifications in regard to petitioner's treatment of patient F were not sustained. After detailing all findings of fact and conclusions of law, the Committee unanimously determined that petitioner's license to practice medicine in New York should be revoked. The Committee further determined that the revocation should be

stayed, with petitioner placed on probation for a period of five years.

Both petitioner and the Department of Health requested review by respondent Administrative Review Board for Professional Medical Conduct (hereinafter the Review Board) pursuant to Public Health Law § 230-c. The Review Board unanimously sustained the Committee's determination of professional misconduct resulting in the revocation of petitioner's license to practice medicine, but voted to overturn the Committee's stay of the revocation. Petitioner commenced the instant CPLR article 78 proceeding to challenge the Review Board's determination.

Petitioner contends that the determination which resulted in the revocation of his license was not supported by expert witness testimony, was arbitrary and capricious and not supported by sufficient evidence. We first note that the standard of review to be invoked in cases such as this is limited to determining whether the Review Board's determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious or was an abuse of discretion (CPLR 7803 [3]; see, Matter of Bogdan v New York State Bd. for Professional Med. Conduct, 195 AD2d 86; Matter of Rudell v Commissioner of Health of State of N. Y., 194 AD2d 48, 50, lv denied 83 NY2d 754). Applying this standard to the instant proceeding, after our review of the record herein we conclude that the determination of the Review Board must be confirmed.

Addressing petitioner's next contention that the Review Board exceeded its power when it imposed a harsher penalty than had been imposed by the Committee, we have previously held that the Review Board has authority to impose a penalty which has not been imposed by the Committee and, in so doing, may substitute its determination for that of the Committee (see, Matter of Bogdan v New York State Bd. for Professional Med. Conduct, supra). Because we find the penalty imposed to be fully supported by the record herein and further find the construction of the statute to be neither irrational nor irresponsible, we find no basis in the record which would justify disturbing the findings and penalty rendered by the Review Board.

Cardona, P. J., Mikoll and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.