■ In the Matter of MENICOS SPARTALIS, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [613 NYS2d 759] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In February 1992 a Hearing Committee on Professional Conduct of the State Board for Professional Medical Conduct (hereinafter the Committee) was impaneled pursuant to Public Health Law § 230 to consider 30 specifications of alleged professional misconduct on the part of petitioner, a private physician specializing in vascular surgery in Kings County. These allegations arose out of petitioner's treatment of six patients (herein identified as patients A, B, C, D, E and F).

By a determination and order dated February 19, 1993, the Committee sustained the specifications charging that petitioner had practiced medicine with negligence on more than one occasion in regard to patients A, B, C, D, E and F, had failed to maintain adequate medical records concerning each of these patients, had practiced medicine with gross negligence with respect to patient F, had ordered excessive treatment for patient F and had ordered excessive tests for patient A. Petitioner was also found to have practiced medicine fraudulently with respect to claims in his literature that his own specially formulated DVT-MMTX regime (i.e., deep vein thrombosis multi-modality treatment protocol) had "FDA approval" as well as in connection with misrepresentations made by him on his hospital applications, and lastly with respect to four specifications of willfully filing false reports based on the misrepresentations made by him on his hospital applications. The Committee did not sustain the charges of practicing medicine with incompetence on more than one occasion or practicing medicine with gross incompetence. The Committee recommended a two-year suspension of petitioner's license with all but the first six months stayed, and the following 18

months to be a period of probation with monitoring by a hematologist and with certain record-keeping requirements.

The contesting parties appealed to the Administrative Review Board for Professional Medical Conduct (hereinafter the Board), which issued its determination sustaining the Committee's decision except that it found that petitioner had been guilty of practicing the profession with incompetence on more than one occasion. The Board also overturned the Committee's penalty recommendation and revoked petitioner's license to practice medicine in New York. This CPLR article 78 proceeding (see, Public Health Law § 230-c [5]) ensued.

Petitioner's argument that the Board did not have the authority to modify the sanction proposed by the Committee because, while it could disagree with the Committee's determination, it could then only remand the matter to the Committee for further proceedings, is without merit. This Court has previously considered and rejected this argument, holding that the relevant statutory provision (Public Health Law § 230-c [4] [b]) empowering the Board to remand an inappropriate sanction for reconsideration or further proceedings does not prohibit the Board from imposing its own penalty (Matter of Bogdan v New York State Bd. for Professional Med. Conduct, 195 AD2d 86, 90). This Court reasoned that the interpretation urged by petitioner is contrary to the intent of the Legislature in its 1992 revision of the physician licensing and disciplinary code, i.e., to expedite proceedings to discipline physicians. To hold otherwise would be to require a remand "each time the Board deemed the penalty imposed by the Committee to be inappropriate" and that "the delay and expense involved in such a redundant procedure were not envisioned when these revisions were enacted" (supra, at 90). Thus, as the administrative construction of the statutory provision is not irrational or irresponsible, deference is due it by this Court (see, supra; see also, Matter of Wapnick v New York State Bd. for Professional Med. Conduct, 203 AD2d 728).

Petitioner's contention that the Board did not have the statutory authority to make the new finding that petitioner was guilty of practicing medicine with incompetence on more than one occasion is not persuasive. The reasoning that led to this Court's decision construing Public Health Law § 230-c (4) (b) in Matter of Bogdan v New York State Bd. for Professional Med. Conduct (supra) (that the object of the 1992 revision of the physician licensing and disciplinary code was to further the expeditious resolution of physician disciplinary matters) dictates the conclusion that the Board should be allowed to

make its own determination of guilt rather than remand the matter to the Committee for further proceedings resulting in further delay and expense.

Petitioner's claim that the determination finding him guilty of practicing medicine with incompetence and negligence on more than one occasion was arbitrary and capricious, in that it was not based on negligent or incompetent conduct but because of disagreement with petitioner's combined treatment modality regimen, which has little support in the medical literature or from other physicians, is rejected. The standard governing this Court's review of the Board's determination is whether the determination is arbitrary and capricious, affected by an error of law or an abuse of discretion *(see, Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, 50). Examination of the record reveals that there is sufficient evidence to support the Board's determination. Respondent's expert medical witness, Sanford Wessler, testified that petitioner routinely prescribed an ineffective and dangerous treatment regimen and mismanaged patients after they began taking anticoagulant medication he prescribed, having some patients on these medications for excessive and unwarranted periods of time. Petitioner further failed to perform blood tests required to avoid life-threatening harm to his patients prior to administering these drugs and failed to accurately interpret and respond to results when he did order blood tests. This malfeasance caused patients to experience dangerously high or low levels of anticoagulants without petitioner's responding by raising or lowering the dosage prescribed. Our review of the record indicates that petitioner's claim that the determination of the Board is arbitrary and capricious is without foundation. The resolution of conflicting testimony was for the Committee and, ultimately, the Board to resolve *(see, supra; cf., Matter of Bassim v Sobol,* 178 AD2d 787, 788, *appeal dismissed, lv denied* 79 NY2d 941; *Matter of Rojas v Sobol,* 167 AD2d 707, 709, *lv denied* 77 NY2d 806). There is no reason on this record to disturb the Board's findings of guilt.

Finally, we find no reason to disturb the penalty imposed by the Board *(see, Matter of Matala v Board of Regents,* 183 AD2d 953; *Matter of Morrissey v Sobol,* 176 AD2d 1147; *Matter of D'Amico v Commissioner of Educ. of State of N. Y.,* 167 AD2d 769).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.