■ In the Matter of HOWARD FINELLI, Petitioner, v MARK CHASSIN, as Commissioner of the New York State Department of Health, et al., Respondents. [614 NYS2d 634] —Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

A Hearing Committee on Professional Conduct found petitioner, a licensed physician specializing in orthopedics, guilty of three charges of willfully abusing a patient and three charges of moral unfitness to practice medicine, and recommended, *inter alia,* that petitioner's license be suspended for at least six months and until he was found able to resume practice after treatment by a psychiatrist. The newly created Administrative Review Board for Professional Medical Conduct (hereinafter Board) *(see,* Public Health Law § 230-c, added by L 1991, ch 606, § 16) sustained the determination of guilt but imposed the enhanced penalty of the revocation of petitioner's license. This CPLR article 78 proceeding was commenced seeking annulment of the determination *(see,* Public Health Law § 230-c [5]).

Initially, we reject petitioner's challenge to the legality of the Board and its determination made on the ground that the Board consisted of only three members in this case. While Public Health Law § 230-c (2) provides that the Board shall consist of five members, there is no requirement that all five members must be present when the Board convenes. Contrary to petitioner's argument, the determination states that the Board had considered the record and the briefs submitted and that its members had voted unanimously to sustain the finding of guilt and to reject the proposed penalty and instead revoked petitioner's license. Moreover, the order was made over the names of all five Board members, each of whom had separately signed his or her name to evidence concurrence.

Absent a showing, clearly revealed, that the Board members neither made an independent appraisal nor reached an independent conclusion, the decision must stand *(see, Matter of Nehorayoff v Fernandez,* 191 AD2d 833, 835). Petitioner has

not substantiated his contention that less than all of the members of the Board fully familiarized themselves with the entire record before voting *(see, Matter of Briggs v Board of Regents,* 188 AD2d 836; *Matter of Laverne v Sobol,* 149 AD2d 758, 761, *lv denied* 74 NY2d 610).

We reject petitioner's argument that the Court of Appeals' decision in *Matter of McBarnette v Sobol* (83 NY2d 333, *affg* 190 AD2d 229) compels annulment of the determination. The Board denied petitioner's request for disclosure of the original complaints filed by the three patient-witnesses for use in their cross-examination, relying on the confidentiality provisions in Public Health Law § 230 (11) (a). The *McBarnette* case, decided after the determination at issue here, held that the confidentiality statute should not preclude disclosure of the complaints of sexual abuse by patients against a physician for purposes of cross-examination of those witnesses. Petitioner urges this Court to give the *McBarnette* ruling retroactive application. We decline for two reasons. The apparent need for the original complaints was particularly critical in *McBarnette* where the charges were 15 to 20 years old. Here, the complaints were of much more recent vintage and, additionally, petitioner was provided with all other statements made by the complainants. Petitioner had ample opportunity to and did fully test the credibility of the witnesses, and, accordingly, was not denied the due process requirement of a fair hearing *(see, Matter of McBarnette v Sobol,* 190 AD2d 229, 231, *affd* 83 NY2d 333, *supra).*

Second, we find that *Matter of McBarnette v Sobol (supra)* is a substantial and sharp departure from the previously established interpretation of Public Health Law § 230 (11) (a), which on its face is absolute. The Court of Appeals expressly reaffirmed the purposes for, and societal benefit of, maintaining intact the confidentiality of complaints in physician disciplinary proceedings *(see, Matter of McBarnette v Sobol,* 83 NY2d 333, 339-340, *supra; Matter of Dr. J.P. v Chassin,* 82 NY2d 694; *see also, Doe v Office of Professional Med. Conduct of N. Y. State Dept. of Health,* 81 NY2d 1050; *Matter of Johnson Newspaper Corp. v Melino,* 77 NY2d 1, 10). We do not find present in *McBarnette* any indication that the Court of Appeals intended the holding to be applied retroactively to a significantly different factual situation *(see, Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 191, *cert denied* 459 US 837).

We further find that the determination fully passes muster under the criteria applicable to CPLR article 78 review, i.e.,

whether it is arbitrary and capricious, affected by an error of law or constitutes an abuse of discretion *(see, Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, 50, *lv denied* 83 NY2d 754; *see also,* CPLR 7803 [3]). The testimony of the three witnesses provides ample evidence to substantiate the finding of guilt. Petitioner's conduct, while ostensibly performing a routine physical examination, demonstrated a strikingly similar format culminating at or near the genitalia of each patient and markedly lacking in attention to those areas where the patients had complained of pain, such as the patients' necks, shoulders and backs. There was clearly sufficient evidence in the record *(see, Matter of Rudell v Commissioner of Health of State of N. Y., supra,* at 50). Notwithstanding petitioner's contrary testimony and efforts to exhibit inconsistencies and to discredit each witness, the fact remains that matters of credibility are the exclusive province of the Hearing Committee and the Board *(see, Matter of Bassim v Sobol,* 178 AD2d 787, 788, *appeal dismissed, lv denied* 79 NY2d 941; *Matter of Rojas v Sobol,* 167 AD2d 707, 709, *lv denied* 77 NY2d 806). This Court has consistently declined to substitute its judgment in matters of credibility for that of the hearing tribunal, particularly in cases where the record contains ample evidence to support a finding of guilt *(see, Matter of Matala v Board of Regents,* 183 AD2d 953, 954).

Petitioner's contention that the Board was without authority to impose a penalty more harsh than the one recommended by the Hearing Committee is wholly meritless *(see, Matter of Wapnick v New York State Bd. for Professional Med. Conduct,* 203 AD2d 728; *see also, Matter of Bogdan v New York State Bd. for Professional Med. Conduct,* 195 AD2d 86, *appeal dismissed, lv denied* 83 NY2d 901; *see also,* Public Health Law § 230-c [4] [b]). Finally, we find unpersuasive petitioner's arguments that the penalty of revocation was unfair and disproportionate. This Court has repeatedly found improper sexual contact by a physician toward patients to be a violation of the fundamental trust in a doctor for which revocation is the appropriate penalty *(see, Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, *supra; Matter of Briggs v Board of Regents,* 188 AD2d 836, *supra; Matter of Bassim v Sobol,* 178 AD2d 787, *supra; Matter of Rojas v Sobol,* 167 AD2d 707, *supra).* Revocation is neither disproportionate to the offenses of which petitioner was found guilty nor shocking to our sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.