■ In the Matter of GERALD MOSS, Petitioner, v MARK R. CHASSIN, as Commissioner of the State of New York Department of Health, et al., Respondents. [618 NYS2d 931] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In March 1989 and in October 1991, petitioner, a licensed physician who is internationally recognized as an expert in the field of enteral nutrition, was interviewed by the Office of Professional Medical Conduct (hereinafter OPMC) regarding its investigation of petitioner's treatment of five patients (hereinafter patients A, B, C, D and E) between 1983 and 1986. Thereafter, in August 1992, OPMC filed 10 specifications of professional misconduct against petitioner. Following a hearing, a Hearing Committee of the State Board of Professional Medical Conduct (hereinafter the Hearing Committee) found that petitioner was guilty of gross negligence in regard to his treatment of patients A, C and D; practicing medicine with negligence on more than one occasion with respect to his treatment of patients A, C and D; and failure to maintain adequate medical records relative to patients A, B, C and E. Based on these findings, the Hearing Committee determined that petitioner's license to practice medicine should be limited to consultation to the exclusion of all other types of medical practice. OPMC and petitioner appealed to the Administrative Review Board for Professional Medical Conduct (hereinafter the Review Board). It sustained the Hearing Committee's findings but overruled the penalty it had levied, imposing instead the penalty of revocation of petitioner's license. Petitioner then commenced this CPLR article 78 proceeding.

As part of his challenge to the Review Board's determination, petitioner has raised several arguments under the rubric of denial of due process. The first is that his due process rights were violated by OPMC's delaying until 1992 to issue the charges against him. This argument is unavailing unless

petitioner can show that he sustained actual prejudice as a result of the delay *(see, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180, *cert denied* 476 US 1115; *Matter of Matala v Board of Regents,* 183 AD2d 953; *Matter of Rojas v Sobol,* 167 AD2d 707, *lv denied* 77 NY2d 806). Petitioner claims that the delay had an adverse impact upon him since the pathologist who performed the autopsy on patient A died before the hearing and certain records relating to patients B and D had been lost. We disagree since the pathologist's testimony regarding the cause of patient A's death would have had little relevance to the charge that petitioner had inappropriately discharged her from the hospital following her operation and that he had inadequately evaluated and treated her thereafter *(compare, Matter of Sharma v Sobol,* 188 AD2d 833). Likewise, the information purportedly contained in the lost documents would have had a minimal impact on the hearing. Thus, we find that petitioner has not sustained this argument.

Petitioner's next argument is that he was denied a fair hearing because the doctors who conducted the interview, afforded him under Public Health Law § 230 (10) (a) (iii), were biased. He further argues that the Hearing Committee was biased because its Chair was acquainted with OPMC's expert witness. Merely alleging bias is not enough to set aside an administrative determination *(see, Matter of Jeremias v Sander,* 177 AD2d 488). Instead, there must be a factual demonstration supporting the allegation and proof that the outcome flowed from it *(see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833, 834; *Matter of Warder v Board of Regents,* 53 NY2d 186, 197).

Here, there is no proof that the doctors' alleged bias infected the Hearing Committee or the Review Board, thereby disabling those bodies from hearing and deciding this matter on the basis of the evidence presented at the hearing *(see, B.A.M. Brokerage Corp. v State of New York,* 718 F Supp 1195). Nor did petitioner establish that the integrity of the Hearing Committee was compromised by its Chair's acquaintance with OPMC's expert witness since he did not come forward with proof overcoming the presumption of honesty and integrity which is accorded to members of administrative bodies *(see, Matter of Rine v City of Sherrill,* 195 AD2d 961, *lv denied* 82 NY2d 660; *Matter of Amarnick v Sobol,* 185 AD2d 485; *Matter of Reisner v Board of Regents,* 142 AD2d 22). For these reasons, we find that petitioner was not denied due

process on the ground that he was denied an impartial hearing.

Petitioner urges us to apply the holding of *Matter of McBarnette v Sobol* (83 NY2d 333) to this case in light of the denial of his request to examine OPMC's files so he could ascertain the first date upon which it had considered charges against him. We decline to do so since the record discloses that petitioner was not seeking the requested information for the purpose of cross-examining complainants who had testified at the hearing, but rather was seeking to utilize the information to bolster his claim of excessive delay *(see, supra,* at 341). Moreover, we have held that *Matter of McBarnette v Sobol (supra)* is not to be applied retroactively except possibly in certain limited circumstances not present here *(see, Matter of Finelli v Chassin,* 206 AD2d 717).

Aside from his due process arguments, petitioner contends that the Review Board's determination is not supported by substantial evidence. Prefatorily, we note that the proper standard of review here is whether the determination was arbitrary and capricious, affected by an error of law or an abuse of discretion *(see, Matter of Finelli v Chassin, supra; Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, 50, *lv denied* 83 NY2d 754). Under this test, the inquiry is whether the administrative determination has a rational basis that is supported by fact *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). In making this inquiry, we do not resolve credibility issues or weigh the testimony of the expert witnesses, for these issues are solely within the province of the administrative factfinder *(see, Matter of Santasiero v Sobol,* 199 AD2d 835, *lv denied* 83 NY2d 754; *Matter of Briggs v Board of Regents,* 188 AD2d 836, *lv denied* 81 NY2d 708).

Applying these principles here, we find there is ample evidence supporting the Review Board's findings that petitioner inappropriately discharged patients A, C and D and inadequately treated and evaluated patients A and C. Its finding that petitioner maintained inadequate medical records with regard to patients A, B, C and E also has factual support. Hence, we conclude that the Review Board's determination of guilt is not arbitrary and capricious.

The final issue raised by petitioner is that the penalty of revocation was unfairly imposed because the Hearing Committee refused to allow full testimony regarding his accomplishments and studies on surgical innovation. We reject this contention for the record discloses that petitioner was permit-

ted to adduce his academic credentials and his 38-page curriculum vitae. In any event, petitioner's emphasis on his accomplishments overlooks the fact that a physician's foremost obligation is to his or her patients. Thus, when a physician fails in this obligation to the extent petitioner did, we cannot say that the penalty of revocation is shocking to one's sense of fairness *(see, Matter of Santasiero v Sobol, supra; Matter of Golan v Sobol,* 195 AD2d 634, *lv denied* 82 NY2d 661).

Accordingly, for the foregoing reasons, we shall confirm the determination.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.