■ In the Matter of BENJAMIN BERGES, Petitioner, v MARK R. CHASSIN, as New York State Commissioner of Health, et al.,

Respondents. [627 NYS2d 855] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is a physician specializing in pathology who also conducts a small private practice out of his residence. In October 1991, petitioner was charged, *inter alia,* with sodomy in the third degree, based upon the complaint of a 22-year-old patient that petitioner engaged her in deviate sexual intercourse during a gynecological examination by placing his mouth on her vulva *(see,* Penal Law § 130.00 [2]). In December 1992, petitioner resolved the charges with a negotiated plea of guilty to a single count of sexual abuse in the second degree, a misdemeanor *(see,* Penal Law § 130.60 [1]), and received a three-year term of probation.

In June 1993, the Bureau of Professional Medical Conduct initiated a disciplinary proceeding against petitioner based upon the criminal conviction. Following a hearing, limited to evidence relating to the nature and severity of the penalty to be imposed, a Hearing Committee of the State Board for Professional Medical Conduct recommended revocation of petitioner's license to practice medicine. The Administrative Review Board for Professional Medical Conduct sustained the Hearing Committee's determination but mistakenly recited in its decision that petitioner's victim was a 13-year-old girl. The mistake was called to the attention of the Review Board, which reconvened and issued a corrected order and determination, again sustaining the Hearing Committee's finding of guilt and adopting the penalty of license revocation. Petitioner challenges the Review Board's determination in this CPLR article 78 proceeding.

We reject the contention that the determinations of the Hearing Committee and Review Board failed to comply with the requirement of State Administrative Procedure Act § 307 (1) and Public Health Law § 230 (10) (g) that an agency state the reasons for its ultimate decision. In order to substantiate its finding that petitioner was guilty of professional misconduct under Education Law § 6530 (9) (a) (i), the Hearing Committee had only to find, as it did, that he had been "convicted of committing an act constituting a crime under * * * New York state law" (Education Law § 6530 [9] [a] [i]; *see, Matter of De Paula v Sobol,* 191 AD2d 822, 823; *Matter of Beldengreen v Sobol,* 175 AD2d 423, 424). As for the penalty to be imposed, the Hearing Committee's written decision satisfied the statu-

tory requirements with the statement that "[petitioner] has severely violated the trust placed in a physician by a patient which resulted in a criminal conviction" (*see, Matter of Finelli v Chassin*, 206 AD2d 717, 719). Nor are we persuaded that the Review Board's initial error concerning the age of petitioner's victim rendered the subsequent corrected determination arbitrary and capricious. Finally, the penalty imposed was by no means " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233, quoting *Matter of McDermott v Murphy*, 15 AD2d 479, *affd* 12 NY2d 780; *see, Matter of Finelli v Chassin, supra*).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.