■ In the Matter of RICHARD MINIELLY, Petitioner, v COMMISSIONER OF HEALTH OF THE STATE OF NEW YORK, Respondent. [634 NYS2d 856] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, *inter alia*, suspended petitioner's license to practice medicine in New York.

Petitioner, a physician licensed to practice in this State, was charged by the State Board for Professional Medical Conduct with gross incompetence and gross negligence (Education Law § 6530 [4], [6]), based upon petitioner's performance of an endometrial ablation procedure by Yttrium Aluminum Gallium (hereinafter YAG) laser on a patient on August 5, 1988; the patient died of heart failure caused by a gas embolism during the procedure. The charges allege that petitioner "performed the endometrial ablation procedure by laser without adequate training and experience" and that petitioner performed the procedure "with an inappropriate laser fiber and an inappropriate coolant,* resulting in an air embolism and the patient's death."

A hearing was held before the Hearing Committee of the State Board for Professional Medical Conduct, which concluded that petitioner was grossly incompetent in that petitioner's performance of the procedure without adequate training and experience showed "an unmitigated, total, and flagrant lack of necessary knowledge". The Committee determined that gross negligence was not shown "by a preponderance of the evidence that [petitioner] was conscious of impending dangerous consequences if he persisted in his conduct". The Committee placed petitioner on probation for two years and ordered petitioner not to perform endometrial ablations until he demonstrated to the satisfaction of the Office of Professional Medical Conduct (hereinafter OPMC) that he had obtained adequate training and experience.

Both petitioner and OPMC appealed this determination to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB). The ARB sustained the Committee's determination of gross incompetence and overturned the Committee's determination as to gross negligence. In making the latter determination, the ARB stated that petitioner's per-

---

* Two types of coolants can be used in connection with a YAG laser, fluid or gas. The coolant used during the procedure was carbon dioxide gas instead of a saline solution.

formance of the procedure constituted "an act of negligence of egregious proportions". The ARB also overruled the Committee's penalty, voting to suspend petitioner's license to practice medicine in New York for two years, to stay all but three months of the suspension and to prohibit petitioner from performing laser surgery. Petitioner commenced this CPLR article 78 proceeding in this Court seeking to annul the ARB's determination and to lessen the ARB's penalty.

It is well settled that our inquiry is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious or an abuse of discretion (CPLR 7803 [3]; *see, Matter of Finelli v Chassin*, 206 AD2d 717, 718-719; *Matter of Wapnick v New York State Bd. for Professional Med. Conduct*, 203 AD2d 728, 729; *Matter of Bogdan v New York State Bd. for Professional Med. Conduct*, 195 AD2d 86, 90, *lv denied* 83 NY2d 901).

The record supports the ARB's determination that petitioner's conduct was, *inter alia*, "egregious". Although the record reflects that petitioner's expert witness contradicted the testimony of OPMC's expert witness, the issue of credibility rests solely within the province of the Committee and the ARB (*see, Matter of Finelli v Chassin, supra*, at 719; *Matter of Santasiero v Sobol*, 199 AD2d 835, 836, *lv denied* 83 NY2d 754) and will not be disturbed unless it is found to be irrational. The testimony of William Grace, an expert testifying on behalf of OPMC, that petitioner was not qualified to perform an endometrial ablation by laser on the date in question, that he lacked the requisite knowledge and experience, and that he should be held accountable for all aspects of the surgery is rational. Petitioner had neither attended nor performed an endometrial ablation procedure on a human being before performing the procedure in question, and he admitted to a level of reliance on the attending nurse in choosing the type of coolant, which can clearly be characterized as "egregious". We conclude that the finding of gross incompetence and gross negligence was not arbitrary or capricious.

Finally, the ARB's imposition of a harsher penalty than that imposed by the Committee is fully supported by the record (*see, Matter of Wapnick v New York State Bd. for Professional Med. Conduct, supra*, at 729; *Matter of Bogdan v New York State Bd. for Professional Med. Conduct, supra*, at 90). The sanction of suspension of petitioner's license, wherein 21 of 24 months is stayed, and prohibiting him from performing laser surgery is neither disproportionate to the offense nor shocking to one's sense of fairness (*see, Matter of Chua v Chassin*, 215 AD2d 953, 956; *Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 825).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.