■ In the Matter of KENNETH WOLKOFF, Petitioner, v MARK CHASSIN, as Commissioner of Health of the State of New York, Respondent. [638 NYS2d 494] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is a physician licensed to practice in New York.

Based upon determinations rendered in disciplinary proceedings brought against petitioner in Utah and California (and findings that petitioner had, among other things, prescribed controlled substances to individuals he knew were drug dependent), in January 1994 the State Board for Professional Medical Conduct charged petitioner with professional misconduct in violation of Education Law § 6530 (9) (b) and (d). Following an expedited hearing limited to a consideration of the nature and severity of the penalty to be imposed (*see*, Public Health Law § 230 [10] [p]), a Hearing Committee sustained the charges, suspended petitioner's license to practice medicine in New York and ordered petitioner to complete specified retraining. Petitioner and the Office of Professional Medical Conduct each appealed the Hearing Committee's determination to the Administrative Review Board for Professional Medical Conduct. Following consideration of the matter by the three physician members (*see*, Public Health Law § 230-c [2]), the Review Board rendered a determination sustaining the finding of professional misconduct but overruling the Hearing Committee's determination to suspend petitioner's license to practice medicine while he undergoes retraining. Instead, the Review Board revoked petitioner's license to practice medicine, a determination challenged by petitioner in this CPLR article 78 proceeding.

We agree with petitioner's contention that, by proceeding with only three members, the Review Board violated the statutory requirement that it be composed of five members, three physicians and two lay persons (Public Health Law § 230-c [2]), thereby rendering its determination a nullity. Accordingly, we shall grant the petition, annul the Review Board's determination and remit the matter for *de novo* review before a properly composed Review Board. We are not persuaded by respondent's reliance upon General Construction Law § 41 for the thesis that the Review Board may conduct its business with a mere three-member quorum. Although it is a fundamental tenet of administrative law that absent members of an adjudicatory board may participate in the Board's final determination if they have the means of familiarizing themselves with the facts and issues of the case and are thus able to make an "informed" decision (*Matter of Taub v Pirnie*, 3 NY2d 188, 194-195; *see*, *Matter of Finelli v Chassin*, 206 AD2d 717; *Matter of Briggs v Board of Regents*, 188 AD2d 836, 837, *lv denied* 81 NY2d 708; *Matter of Laverne v Sobol*, 149 AD2d 758, *lv denied* 74 NY2d 610; *Matter of Freymann v Board of Regents*, 102 AD2d 912, *appeal dismissed* 64 NY2d 645), in this case the absent members took no part at all. Notably, and in sharp contrast to

the situation present in *Matter of Finelli v Chassin* (*supra*), the Review Board's order was made over the names of only the three physician members, described in the decision and order as comprising "[a] quorum of the Administrative Review Board for Professional Medical Conduct".

In our view, the very specific requirement of Public Health Law § 230-c (2) that the Review Board be composed of three physicians and two "lay members" evinces a clear legislative intent that the body's determination be reached after a balanced consideration of the issues from both a medical and nonmedical perspective. Obviously, no such balance can be achieved when the nonphysician members take no part in the determination. In addition, considering that the Review Board rendered its determination solely on the parties' submissions and its review of the administrative record, we can perceive no valid reason for the lay members' exclusion.

Petitioner's remaining contentions have been considered and found lacking in merit.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to the Administrative Review Board for Professional Medical Conduct for a *de novo* determination of the parties' cross appeals.