■ In the Matter of STEVEN WILKINS, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [733 NYS2d 788] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-

c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, licensed to practice general surgery in New York, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with practicing medicine with gross negligence, gross incompetence, negligence on more than one occasion and incompetence on more than one occasion regarding his treatment of five patients. Following a hearing, a Hearing Committee of the State Board for Professional Medical Conduct dismissed all charges except the charges of ordinary negligence with respect to four of the five patients and placed petitioner on probation for three years. The parties sought review of that determination, as a result of which the Administrative Review Board (hereinafter ARB) overturned the Hearing Committee's determination and sustained the gross negligence charges with respect to three of the patients and the negligence charge that had been dismissed with respect to one of the patients, and otherwise affirmed the Hearing Committee's findings as to negligence. With regard to penalty, the ARB revoked petitioner's license to practice medicine. As a consequence, petitioner commenced this CPLR article 78 proceeding in this Court challenging the ARB's determination.

Contrary to petitioner's contention, "the ARB [is] empowered to substitute its judgment for that of the Hearing Committee in resolving issues of credibility and determining guilt" (*Matter of Bottros v DeBuono*, 256 AD2d 1034, 1036). Inasmuch as the record discloses ample expert testimony justifying the ARB's ultimate conclusions, the determination cannot be said to be arbitrary, capricious, affected by an error of law or an abuse of discretion (*see, Matter of Kaphan v DeBuono*, 268 AD2d 909, 911). To be sure, there is record evidence offered by petitioner that might support a finding that he acted reasonably and that casts doubt upon the opinions expressed by the expert called by BPMC. However, this merely presented matters of credibility that the ARB was free to, and did, resolve in BPMC's favor (*see, Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942, *lv denied* 84 NY2d 807).

We also reject petitioner's contention that he has been found guilty of uncharged conduct, i.e., his failure to admit his mistakes. The discourse in the ARB's determination concerning petitioner's lack of insight into his deficiencies and his propensity to blame others dealt with the appropriateness of the Hearing Committee's penalty, which considerations repeatedly have been found relevant in determining an appropriate

penalty (*see, Matter of Kite v DeBuono*, 233 AD2d 783, 786; *Matter of Nenno v State of New York Dept. of Health*, 210 AD2d 827, 828). Finally, contrary to petitioner's assertion, the ARB was at liberty to substitute its own determination for that of the Hearing Committee by imposing a harsher sanction (*see, Matter of Wapnick v New York State Bd. for Professional Med. Conduct*, 203 AD2d 728, 729). We have considered petitioner's remaining contentions and find them equally without merit.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.