■ In the Matter of JACOB TASHER, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [749

NYS2d 626] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which, inter alia, suspended petitioner's license to practice medicine in New York for one year.

Petitioner, a licensed physician specializing in otolaryngology, was charged by the Bureau of Professional Medical Conduct with violating nine categories of professional misconduct in a statement of charges alleging 23 specifications of misconduct. The allegations included, among others, that petitioner provided substandard or unnecessary medical care to eight patients (three of whom were children) in performing functional endoscopic sinus surgery (hereinafter FESS) and that he failed to follow infection control protection with regard to eight other patients. Following a hearing, a Hearing Committee of the State Board for Professional Conduct (hereinafter Committee) sustained nine specifications establishing professional misconduct in the categories of gross negligence, negligence on more than one occasion, failure to maintain records and failure to use scientifically accepted barrier precautions and infection control practices. Based upon its findings, the Committee placed petitioner on probation for five years, banned him from performing FESS procedures for five years, permanently banned him from performing FESS procedures on patients 18 years of age or younger and mandated annual attendance at FESS training courses.

Both parties subsequently sought review from respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB). The ARB affirmed the Committee's determination regarding petitioner's professional misconduct. By a vote of three to two, with two members voting to revoke petitioner's license, the ARB modified the sanction imposed by the Committee to include suspending petitioner's license to practice medicine for one year, placing him on five years' probation following the suspension and permanently prohibiting him from performing FESS procedures on all patients regardless of age. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking to annul the ARB's determination.

Petitioner argues that the determination of the ARB regarding the sanction imposed should be reversed and the sanction of the Committee reinstated. The ARB is vested with the authority to substitute its judgment for that of the Committee and impose such sanction as it deems appropriate (*see Matter of Wilkins v New York State Dept. of Health*, 289 AD2d 634,

636, *lv denied* 97 NY2d 612; *Matter of Schoenbach v DeBuono*, 262 AD2d 820, 823, *lv denied* 94 NY2d 756). Indeed, the ARB's authority includes increasing the severity of the sanction without remitting the matter to the Committee (*see Matter of Kabnick v Chassin*, 89 NY2d 828, 829-830). Review of the propriety of the ARB's sanction is limited to whether it is so disproportionate as to shock one's sense of fairness (*see Matter of Goldberg v Whalen*, 273 AD2d 551, 554, *lv denied* 95 NY2d 764; *Matter of Pisnanont v New York State Bd. for Professional Med. Conduct*, 266 AD2d 592, 593).

Here, the factual findings of the Committee, as affirmed by the ARB, reveal repeated misconduct by petitioner. During one FESS procedure, petitioner, while believing he was removing only sinus contents, instead penetrated the cribiform plate and removed brain tissue from a patient. He performed three FESS procedures on an eight-year-old girl during a three-month period when none of the procedures was medically necessary. Surgery was performed by petitioner on another patient who needed only allergy treatment and not surgical intervention. In several instances, patients were subjected to medically unnecessary surgeries by petitioner. The misconduct, which is amply supported by the evidence in the record, occurred repeatedly and affected patients across a broad spectrum of ages. Under such circumstances, the ARB's decision to, inter alia, impose a one-year suspension of petitioner's license and to permanently prohibit him from performing FESS procedures does not shock the Court's sense of fairness.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.