■ In the Matter of JATINDER S. BAKSHI, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [896 NYS2d 508]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, among other things, limited petitioner's license to practice medicine in New York to government licensed or operated facilities.

Petitioner, a licensed physician specializing in neurology, was charged by the Bureau of Professional Medical Conduct with 21 specifications of misconduct. Following a six-day hearing and administrative review, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained seven of the specifications upon the Hearing Committee's findings that petitioner failed to maintain accurate patient records and practiced medicine with negligence and incompetence on more than one occasion. The Committee's findings of negligence and incompetence were based upon petitioner's failures to take adequate patient histories, keep accurate records and record information regarding referrals to another physician. The ARB found these to be deficiencies in an essential diagnostic task, and it affirmed the Committee's determination to suspend petitioner's license to practice medicine for 18 months and to stay that suspension. The Committee's determination to place petitioner on probation, however, was overturned and the ARB instead directed that petitioner's license be limited to practice only in a government licensed or government operated health facility "because such facilities [would] guarantee supervision and monitoring" over petitioner's practice of medicine. Petitioner then commenced this proceeding challenging the ARB's enhanced penalty.

"The ARB is empowered to impose a harsher penalty than the Committee, and such penalty will only be disturbed if it is so disproportionate to the offense that it is shocking to one's sense of fairness" (*Matter of Cohen v New York State Dept. of Health*, 65 AD3d 791, 793 [2009] [citations omitted]; *see Matter of Chen v Administrative Review Bd. of State Bd. for Professional Med. Conduct*, 3 AD3d 617, 617 [2004]; *Matter of Kite v DeBuono*, 233 AD2d 783, 786 [1996]). Here, the record shows that petitioner failed to elicit and record pertinent information regarding the specific causes of his patients' injuries and the effect of those injuries on their bowel and bladder functions. By petitioner's own admissions, in taking histories and making preliminary diagnostic findings for more than 10 years, he had used forms upon which he merely checked off preprinted symptoms and boilerplate findings. An expert testified that this technique created woefully inadequate histories for petitioner's patients. The ARB also noted that petitioner had compromised the coordination of his treatment with that of a pain management specialist by neglecting to note his referrals to the specialist and maintain copies of the corresponding reports of the specialist in the patients' records. The ARB concluded that, due to these deficiencies, petitioner's inconsistent explanations of his conduct in his hearing testimony, his repeated blaming of others for his deficiencies and the fact that he practiced alone, without any supervision or hospital affiliations, his practice in the future needed to be supervised in order to protect his patients. This evidence provided a rational basis for the ARB's determination to restrict petitioner's license, a penalty which, given the nature of petitioner's conduct, is not shocking to our sense of fairness (*see Matter of Tulier-Pastewski v State Bd. for Professional Med. Conduct*, 13 AD3d 918, 920 [2004]; *Matter of Goldberg v Whalen*, 273 AD2d 551, 554 [2000], *lv denied* 95 NY2d 764 [2000]; *compare Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 825 [1994]).

We have considered petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.